**COMMONWEALTH of Pennsylvania,**

v.

**William A. CASTELHUN, Appellant.**

Superior Court of Pennsylvania.

Submitted May 9, 2005.
Filed Dec. 14, 2005.

Julieane E. Fry, Allentown, for appellant.

James B. Martin, Assistant District Attorney, Lehigh, for Commonwealth, appellee.

Before: TODD, PANELLA, and POPOVICH, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, William A. Castelhun, appeals from the judgment of sentence entered on December 29, 2003 by the Honorable William H. Platt, Court of Common Pleas of Lehigh County. After careful review, we affirm.

¶ 2 From the spring of 1996 through the summer of 1998, the victim, J.T., lived in Slatington, Lehigh County, Pennsylvania. At all times relevant to this case, J.T. was twelve to thirteen years old.[1] While she resided in Slatington, J.T. attended sixth and seventh grade. It was during this time period that J.T. was introduced to Michael Henry, a co-defendant, at a neighbor's birthday party. Henry lived across the street from J.T.'s best friend, C.J.. Over time, J.T. and C.J. began to assist Michael Henry's wife, Allison, while she was babysitting. On one occasion, Allison Henry brought C.J. and J.T. to her husband's workplace. It was during this visit that J.T. was first introduced to Castelhun, who worked with Michael Henry.

¶ 3 During the following months, Castelhun visited the Henry house at least five or six times per week while J.T. was also there. At times, Castelhun was accompanied by his wife; other nights he slept over at the Henry residence alone. In time, Castelhun commenced a course of sexual assaults on J.T., with the first sexual assault occurring in the Henry house.

1. In light of the age of the victim, we refuse to utilize any language which gives rise to an inference that these crimes were based upon voluntary or consensual relationships. For an excellent discussion on this issue, *see* Honorable Debra M. Todd, *Sentencing of Adult Offenders in Cases Involving Sexual Abuse of Children: Too Little Too Late? A View From the Pennsylvania Bench,* 109 PENN. ST. L. REV. 487 (2004).

The sexual assaults continued throughout the summer of 1997. During these multiple assaults, Castelhun placed his penis in J.T.'s mouth and vagina, digitally penetrated her vagina, and placed his mouth on her vagina. All encounters, with one exception, occurred at the Henry house.

¶ 4 On one occasion, Castelhun's wife, Lisa Castelhun, also engaged in unlawful sexual relations with J.T. and Castelhun. While Castelhun was having sexual intercourse with his wife, she digitally penetrated J.T.'s vagina and placed her mouth on J.T.'s vagina. During the same encounter, Castelhun subsequently engaged in sexual intercourse with J.T. while his wife was present. On another occasion, J.T. engaged in sexual intercourse with both Michael Henry and Castelhun, while at Michael Henry's parent's house. All sexual assaults ended after J.T. entered the seventh grade.

¶ 5 While residing in Slatington, J.T.'s father was interviewed by a member of the Pennsylvania State Police, Troop "M", Bethlehem barracks. The trooper questioned J.T.'s father about his daughter's relationship with Michael Henry. At the time, J.T. denied any relationship. J.T.'s family subsequently moved to Florida following her completion of the seventh grade. However, in April 2001, an anonymous letter received by the Pennsylvania State Police initiated a new investigation against Castelhun and Michael Henry. As a result of the new investigation, a Tampa Police Department Detective interviewed J.T., upon the request of the Pennsylvania State Police, concerning the allegations. When questioned as to whether she was sexually assaulted by Michael Henry and Castelhun, J.T. initially did not remember their names. After further questioning, J.T. recalled the sexual assaults as well as Castelhun's and Michael Henry's identities, after which, she informed the detective that she had in fact, engaged in sexual relations with both men.

¶ 6 Following a jury trial on June 12, 2003, Castelhun was convicted of involuntary deviate sexual intercourse,[2] aggravated indecent assault,[3] indecent assault,[4] statutory sexual assault,[5] and corruption of minors.[6] Subsequent thereto, the trial court sentenced Castelhun to an aggregate term of not less than seven and one-half (7½) nor more than sixteen (16) years imprisonment. Thereafter, on January 8, 2004, Castelhun filed a post-sentence motion, which was subsequently denied by the trial court on May 4, 2004. This timely appeal followed.

¶ 7 On appeal, Castelhun raises issues regarding the sufficiency and weight of the evidence. Appellant's Brief at 5.

¶ 8 We begin by addressing Castelhun's first issue on appeal, that the evidence presented by the Commonwealth at trial was insufficient to sustain his convictions. Specifically, Castelhun contends that the Commonwealth failed to present physical or forensic proof to validate the allegations of sexual assault, and that J.T.'s testimony concerning the assaults was "vague and unclear." Further, Castelhun contends Lisa Castelhun's testimony at the time of trial contradicts the allegations of sexual assault and, as a result, the evidence was insufficient to sustain his convictions.

¶ 9 In *Commonwealth v. Rucci,* 543 Pa. 261, 670 A.2d 1129, (1996), *cert. denied,* 520 U.S. 1121, 117 S.Ct. 1257, 137 L.Ed.2d 337 (1997), Chief Justice Ralph

---

2. 18 PA.CONS.STAT.ANN. § 3123(a)(7).

3. 18 PA.CONS.STAT.ANN. § 3125(8).

4. 18 PA.CONS.STAT.ANN. § 3126(a)(8).

5. 18 PA.CONS.STAT.ANN. § 3122.1.

6. 18 PA.CONS.STAT.ANN. § 6301(a).

Cappy (then Justice Cappy) examined the scope and standard of review when the issue of sufficiency of the evidence is raised on appeal:

> When reviewing a sufficiency of the evidence claim, an appellate court must view all the evidence and reasonable inferences therefrom in a light most favorable to the Commonwealth as the verdict winner and must determine whether the evidence was such as to enable a fact finder to find that all of the elements of the offense[ ] were established beyond a reasonable doubt.

543 Pa. at 367–268, 670 A.2d at 1132 (citation omitted). In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. *Commonwealth v. Bricker*, 882 A.2d 1008, 1014 (Pa.Super.2005).

¶ 10 Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. *Commonwealth v. Tomey*, 884 A.2d 291 (Pa.Super.2005). The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. *Id.* Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. *Id.* Finally, a mere conflict in testimony does not render the evidence insufficient. The trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. *Id.*

¶ 11 Furthermore, it is well-established that "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses."

*Commonwealth v. Bishop*, 742 A.2d 178, 189 (Pa.Super.1999), *appeal denied*, 563 Pa. 638, 758 A.2d 1194 (2000). *See also, Commonwealth v. Davis*, 437 Pa.Super. 471, 650 A.2d 452, 455 (1994), *aff'd on other grounds*, 543 Pa. 628, 674 A.2d 214 (1996)(uncorroborated testimony of sexual assault victim, if believed by the trier of fact, is sufficient to support convictions even if the defense presents countervailing evidence); *Commonwealth v. Trimble*, 419 Pa.Super. 108, 615 A.2d 48, 50 (1992) (testimony of child victim alone sufficient to support conviction for sex offenses).

¶ 12 Applying the foregoing principles, we now examine Castehun's convictions for involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault, statutory sexual assault, and corruption of minors.

¶ 13 In order to sustain Castlehun's conviction for involuntary deviate sexual intercourse, the evidence presented at trial had to establish that Castehun, who is more than four years older than the victim, J.T., engaged in deviate sexual intercourse with J.T., who was less than 16 years of age at the time of the offenses, and that the two were not married to each other. 18 Pa.Cons.Stat.Ann. § 3123(a)(7). Deviate sexual intercourse is defined as "sexual intercourse per os or per anus between human beings …." 18 Pa.Cons.Stat.Ann. § 3101; *see also Commonwealth v. Wilson*, 825 A.2d 710, 714 (Pa.Super.2003). "In addition to its ordinary meaning, the term sexual intercourse is defined as intercourse per os or per anus, with some penetration however, slight." *Id.* Therefore, in order to sustain Castlhun's conviction for involuntary deviate sexual intercourse, the evidence presented by the Commonwealth had to establish that Castelhun engaged in acts of oral or anal intercourse, which involved penetration however slight. *Id.*, (*citing Commonwealth v. Poindexter*,

435 Pa.Super. 509, 646 A.2d 1211, 1215 (1994), *appeal denied,* 540 Pa. 580, 655 A.2d 512 (1995)).

¶ 14 In the present case, the victim, J.T., testified that when she was twelve and thirteen years old, Castelhun inserted his penis into her mouth and vagina, and that Castelhun had placed his mouth on her vagina. N.T., Trial, 06/10/03 at 26. Clearly, this conduct constituted oral intercourse and, as a result of the oral contact between Castelhun's genitalia and J.T.'s mouth, we find that the evidence was clearly sufficient to establish the essential element of "penetration however slight." Therefore, we sustain Castelhun's conviction for involuntary deviate sexual intercourse. *See Wilson,* 825 A.2d at 714.

¶ 15 We have been called upon to comment on the penetration requirement on numerous occasions. In *Commonwealth v. McIlvaine,* 385 Pa.Super. 38, 560 A.2d 155 (1989), *reversed on other grounds,* 529 Pa. 381, 603 A.2d 1021 (1992), this Court addressed a similar issue to the present case regarding the penetration requirement for involuntary deviate sexual intercourse. In *McIlvaine,* we explained that the juvenile victim had testified "the appellant opened his pants, request that she kiss his penis, dropped his pants, got mad and then pushed her head down until she kissed his penis." *Id.* at 159. Based upon this testimony, we determined that the testimony was sufficiently descriptive to warrant the inference by the jury that the appellant

penetrated, "however, slight," the mouth of the victim. *See also, Commonwealth v. L.N.,* 787 A.2d 1064 (Pa.Super.2001), *appeal denied,* 569 Pa. 680, 800 A.2d 931 (2002).

¶ 16 Likewise, a person will be found guilty of aggravated indecent assault if they engage "in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures." 18 Pa.Cons.Stat.Ann.§ 3125(a); *see also Commonwealth v. Hunzer,* 868 A.2d 498, 505 (Pa.Super.2005), *appeal denied,* ⸺ Pa. ⸺, 880 A.2d 1237 (2005).[7] In *Commonwealth v. Kelley,* 569 Pa. 179, 801 A.2d 551 (2002), this Court found that digital penetration of the genitals or anus is sufficient to satisfy the crime of aggravated indecent assault. Viewing the evidence in the light most favorable to the Commonwealth, we find ample evidence on the record to support the finding that Castelhun penetrated J.T.'s vagina in violation of Section 3125(a). J.T. testified at trial, that Castelhun both digitally penetrated her vagina and inserted his penis into her vagina. N.T. Trial, 06/10/03 at 27.

¶ 17 In order to sustain Castelhun's conviction for indecent assault under 18 Pa.Cons.Stat.Ann. § 3126(a)(8), the evidence presented at trial had to establish that Castelhun had indecent contact with J.T.[8] " 'Indecent contact' is defined as 'any

---

7. To sustain Castelhun's conviction for aggravated indecent assault pursuant to Section 3125(a)(8), the Commonwealth had to also establish that the victim, J.T. was less than 16 years of age and Castelhun was four or more years older and that the were not married at the time of the offense. The record reveals that, J.T., the victim, was 12 and 13 years old at the time of the sexual assaults and Castelhun was 24 years old. N.T., Trial, 06/10/03 at 28.

8. To sustain Castelhun's conviction for indecent assault pursuant to Section 3126(a)(8), the Commonwealth had to also establish that the victim, J.T. was less than 16 years of age and Castelhun was four or more years older and that the two were not married at the time of the offense. As aforesaid, the evidence of record establishes these elements. See footnote 6.

touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person.'" 18 PA.CONS.STAT.ANN. § 3101; *see also, In the Interest of J.R.,* 436 Pa.Super. 416, 648 A.2d 28, 34 (1994), *appeal denied,* 540 Pa. 584, 655 A.2d 515 (1995). It is evident from the record, that Castelhun had indecent contact with the victim, J.T. on more than one occasion. Castelhun repeatedly touched J.T. in a sexual way when he placed his penis into J.T.'s mouth, digitally penetrated her genitalia, and inserted his penis into her vagina, all for the sole purpose of arousal and gratification of his sexual desires. N.T. Trial, 06/10/03 at 26, 27, 46 and 48.

¶ 18 Further, it is clear that Castelhun's conviction for statutory sexual assault pursuant to 18 PA.CONS.STAT. ANN. § 3122.1 should be sustained as he engaged in sexual intercourse with the victim, J.T. on repeated occasions. N.T. Trial, 06/10/03 at 26, 27, 46 and 48. A person is guilty of statutory sexual assault if that person engages in sexual intercourse with a complainant and:

    a.  The complainant is under 16 years of age;

    b.  The defendant is four or more years older than the complainant; and

    c.  The complainant and the defendant are not married to each other.

Consent is not a defense to statutory sexual assault. *Commonwealth v. Duffy,* 832 A.2d 1132 (Pa.Super.2003), *appeal denied,* 577 Pa. 694, 845 A.2d 816 (2004).

¶ 19 Lastly, Castlehun's actions in engaging in repeated sexual assaults upon a 12 year old girl, clearly satisfy the requisite elements for corrupting the morals of a minor pursuant to 18 PA.CONS.STAT.ANN. § 6301(a)(1).

¶ 20 Accordingly we find that the Commonwealth elicited sufficient specificity concerning the sexual encounters from the victim, J.T., at the time of trial from which the jury could have found Castelhun guilty beyond a reasonable doubt of all charges. It is not in the province of this Court to second guess the findings of the trier of fact. As such, we find Castelhun's claim that the evidence was insufficient to sustain his convictions to be without merit.

¶ 21 We next address Castelhun's claim that his convictions were against the weight of the evidence. As a general rule, "the weight of the evidence is exclusively for the fact finder who is free to believe all, part or none of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Champney,* 574 Pa. 435, 832 A.2d 403, 408 (2003), *cert. denied,* 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004). We cannot substitute our judgment for that of the finder of fact. *Id.* We may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. *Id.* Moreover, where the trial court has ruled on the weight claim below, our role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion. *Commonwealth v. McCloskey,* 835 A.2d 801, 809 (Pa.Super.2003), *appeal denied,* 577 Pa. 713, 847 A.2d 1281 (2004).

¶ 22 In the case *sub judice,* the trial court reached the merits of the claim and concluded that the verdict was not against the weight of the evidence. Upon its review, the trial court found the testimony of the victim, J.T. to be credible, and reliable enough for the jury to return a verdict of guilty. Accordingly, after an independent review of the record we cannot conclude that the trial court's conclusion was a palpable abuse of discretion, and we agree with the well reasoned opinion of the dis-

tinguished trial judge, President Judge William H. Platt of Lehigh County.

¶ 23 Judgment of sentence affirmed.