9 A.3d 1138

**COMMONWEALTH of Pennsylvania, Petitioner**

**v.**

**Mark Anthony MILLISOCK, Respondent.**

Supreme Court of Pennsylvania.

Dec. 17, 2010.

628

## ORDER

PER CURIAM.

**AND NOW,** this 17th day of December, 2010, the Petition for Allowance of Appeal is **GRANTED, LIMITED TO** the issue set forth below. Allocatur is **DENIED** as to all remaining issues. The issue, rephrased for clarity, is:

(1) Did the Commonwealth present a *prima facie* case of Aggravated Indecent Assault under 18 Pa.C.S. § 3125(a)?

The trial court held that the Commonwealth did not present a *prima facie* case for Aggravated Indecent Assault because the Commonwealth did not establish "penetration, however slight" as required by 18 Pa.C.S. § 3125(a). The trial court found that the testimony established only that Respondent placed his hand on the victims' genitalia. The Superior Court affirmed.

When determining whether the Commonwealth presents a *prima facie* case, "inferences reasonably drawn from the evidence of record which would support a verdict of guilty are to be given effect, and the evidence must be read in the light most favorable to the Commonwealth's case." *Commonwealth v. Huggins*, 575 Pa. 395, 836 A.2d 862, 866 (2003). In the instant matter, the trial court and Superior Court failed to give effect to the reasonable inferences drawn from the evidence that would support a guilty verdict. *See, Commonwealth v. Castelhun*, 889 A.2d 1228 (Pa.Super.2005); *Commonwealth v. Hunzer*, 868 A.2d 498, 505–06 (Pa.Super.2005) (establishing low threshold of evidence required for "penetration, however slight" to sustain convictions for involuntary deviate sexual intercourse and aggravated indecent assault). In light of these decisions, we find that the Commonwealth met its burden of proving a *prima facie* case of Aggravated Indecent Assault.

Accordingly, the order of the Superior Court is **VACATED.** Counts Four and Eight of the Information are hereby reinstated. This matter is **REMANDED** to the Court of Common

Pleas of Berks County for further proceedings consistent with this order.   Jurisdiction relinquished.