J-S41023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

EDWARD PAUL FIDLER

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1726 MDA 2014

Appeal from the Judgment of Sentence May 27, 2014
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000996-2013
CP-38-CR-0001001-2013

BEFORE: ALLEN, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED JUNE 26, 2015**

Edward Paul Fidler appeals from the judgment of sentence imposed in

the Court of Common Pleas of Lebanon County after a jury convicted him of

one count of involuntary deviate sexual intercourse (IDSI),[1] two counts of

aggravated indecent assault,[2] two counts of indecent assault,[3] two counts of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3123.

[2] 18 Pa.C.S.A. § 3125.

[3] 18 Pa.C.S.A. § 3126.

corruption of minors,[4] and two counts of endangering the welfare of children.[5] Upon careful review, we affirm.

The offenses related to sexual abuse perpetrated by Fidler against two minor girls with whom he lived during the time of the abuse. The first victim, R.F., testified that from October 2012 through May 2013, Fidler resided in her home along with R.F.'s mother, father and brother. During that time, Fidler used his tongue and fingers to touch her private parts, which she identified as her vagina and breasts on a female body diagram. N.T. Trial, 2/5/14, at 11-14. R.F. was twelve years old when these incidents occurred. *Id.* at 18. During questioning by police, Fidler admitted to these sexual acts as well as to having bought R.F. gifts. *Id.* at 46-49.

The second victim, F.S., testified that Fidler had lived in the same household as her for a few months and that during that time Fidler would touch her breasts, buttocks, and vagina with his hands. *Id.* at 22-25. F.S. also testified that, after Fidler moved out, he would pick her up from school and spy on her while she was outside on the playground. *Id.* at 28. Fidler admitted these sexual acts to the police as well as to having touched his mouth to F.S.'s vagina. *Id.* at 52-53. Fidler acknowledged that F.S. was eleven or twelve at the time of these acts. *Id.* at 53.

_____

[4] 18 Pa.C.S.A. § 6301.

[5] 18 Pa.C.S.A. § 4304.

- 2 -

After the jury found Fidler guilty of the various offenses, the trial court ordered that he undergo a Sexually Violent Predator assessment by the Sexual Offenders Assessment Board pursuant to section 9799.24 of the Sexual Offender Registration and Notification Act (SORNA).[6] Dr. Robert Stein, a member of the Board, performed the assessment and, on May 27, 2014, the trial court determined that Fidler was an SVP. The trial court also sentenced Fidler to ten (10) to twenty (20) years' imprisonment. Fidler's post-sentence motions were denied and he filed a timely notice of appeal to this Court, as well as a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Fidler challenges the sufficiency of the evidence as to all the offenses of which he was convicted. He also claims that the Court erred in finding him to be an SVP.

Fidler first challenges the sufficiency of the evidence to establish all of his convictions. We review a sufficiency of the evidence claim under the following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not

---

[6] 42 Pa.C.S.A. §§ 9799.10 - 9799.41.

preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Vargas*, 108 A.3d 858, 867-68 (Pa. Super. 2014) (brackets omitted).

Pennsylvania's IDSI statute provides, in relevant part:

**§ 3123. Involuntary deviate sexual intercourse**

* * *

**(b) Involuntary deviate sexual intercourse with a child.--**A person commits involuntary deviate sexual intercourse with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age.

18 Pa.C.S.A. § 3123. Deviate sexual intercourse is defined, in relevant part, as "[s]exual intercourse per os or per anus between human beings." 18 Pa.C.S.A. § 3101. "Intercourse per os or per anus" are acts of oral or anal sex, respectively. *Commonwealth v. Kelley*, 801 A.2d 551, 555 (Pa. 2002).

Evidence that the defendant placed his mouth to a victim's vagina constitutes oral intercourse, and is sufficient to sustain a conviction for IDSI. *Commonwealth v. Castelhun*, 889 A.2d 1228, 1233 (Pa. Super. 2005). Here, R.F. testified that Fidler placed his tongue on her vagina and Fidler

admitted to the police to having done so. Thus, the record supports the jury's guilty verdict for this offense.

Pennsylvania's aggravated indecent assault statute provides, in relevant part:

**§ 3125. Aggravated indecent assault**

**(a) Offenses defined.--**Except as provided in sections 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:

\* \* \*

(7) the complainant is less than 13 years of age.

18 Pa.C.S.A. § 3125.

Digital penetration is sufficient to support a conviction for aggravated indecent assault. ***Commonwealth v. Gonzalez***, 109 A.3d 711, 723 (Pa. Super. 2015). Here, both victims testified that Fidler placed his finger inside of their vaginas when they were under the age of thirteen. Fidler also admitted these acts to the police. Accordingly, the record supports the jury's finding of guilt on this offense.

Pennsylvania's indecent assault statute provides, in relevant part:

**§ 3126. Indecent assault**

**(a) Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with

- 5 -

seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

* * *

(7) the complainant is less than 13 years of age.

18 Pa.C.S.A. § 3126. "Indecent contact" is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101.

The evidence of digital penetration is also sufficient to support the conviction for indecent assault as Fidler touched the intimate parts of the girls for the purposes of arousal.

Pennsylvania's corruption of minors statute provides, in relevant part:

### § 6301. Corruption of minors

* * *

**(a)**(1)(ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a)(1)(ii).

In **Castelhun**, **supra**, "[the defendant's] actions in engaging in repeated sexual assaults upon a 12 year old girl, clearly satisfy the requisite elements for corrupting the morals of a minor." **Castelhun**, 889 A.2d at 1234. Here, the sexual conduct displayed by Fidler towards his victims constitutes violations of various sexual offenses as defined in Chapter 31 of the Crimes Code. Fidler is older than eighteen, having been born in 1960,

while the two victims were both younger than eighteen years of age when these acts occurred. These sexual offenses, in addition to the gifts Fidler provided his victims, are sufficient to have enabled the jury to find Fidler guilty of corrupting his victims' morals.

Finally, Pennsylvania's endangering the welfare of children statute provides, in relevant part:

**§ 4304. Endangering welfare of children**

**(a)**(1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

18 Pa.C.S.A. § 4304.

In ***Commonwealth v. Bishop***, 742 A.2d 178, 190 (Pa. Super. 1999), this Court held that where the victim's mother left the defendant, the victim's step-grandfather, in charge of the victim and the defendant then sexually abused her, there was sufficient evidence to support a conviction of endangering the welfare of children. Here, Fidler was R.F.'s uncle and living with her at the time that he sexually abused R.F. Fidler was a member of F.S.'s household and the sexual violations occurred when F.S.'s parents had left Fidler in charge of the household. Thus, the evidence as to both victims was sufficient for the jury to find that Fidler violated his duty of care towards the two victims and thereby endangered their welfare through his conduct.

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, **see Vargas**, **supra**, we agree with the trial court that there was sufficient evidence to convict Fidler of all of the above offenses.

Fidler also challenges the trial court's determination that he is an SVP. A challenge to a determination of SVP status requires us to view the evidence presented in the light most favorable to the Commonwealth. **Commonwealth v. Prendes**, 97 A.3d 337, 355 (Pa. Super. 2014). We may not weigh the evidence or substitute our judgment for that of the trial court. **Id.** The Commonwealth must establish SVP status by clear and convincing evidence, which requires evidence that is so clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts at issue. **Id.** The scope of our review is plenary. **Id.** at 357.

After conviction but before sentencing, the trial court is required to order an individual convicted of a sexually violent offense to be assessed by the Board. Section 9799.24 of the Sentencing Code provides, in relevant part:

> **§ 9799.24. Assessments**
>
> **(b) Assessment.--** An assessment shall include, but not be limited to, an examination of the following:
>
> (1) Facts of the current offense, including:
>
> (i) Whether the offense involved multiple victims.
>
> (ii) Whether the individual exceeded the means necessary to achieve the offense.

(iii) The nature of the sexual contact with the victim.

(iv) Relationship of the individual to the victim.

(v) Age of the victim.

(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii) The mental capacity of the victim.

(2) Prior offense history, including:

(i) The individual's prior criminal record.

(ii) Whether the individual completed any prior sentences.

(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

(i) Age.

(ii) Use of illegal drugs.

(iii) Any mental illness, mental disability or mental abnormality.

(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S.A. § 9799.24(b).

While the Board must examine all statutory factors, there is no requirement that all factors or any particular number of them be present or absent in order to support an SVP designation. *Commonwealth v. Brooks*, 7 A.3d 852, 863 (Pa. Super. 2010). Rather, the question for the SVP court is whether the Commonwealth's evidence, including the Board's assessment, shows that the person convicted of a sexually violent offense has a mental

abnormality or disorder making that person likely to engage in predatory sexually violent offenses. *Id.* Based on the evidence presented, the court decides whether a defendant is to be designated an SVP and thus made subject to SORNA's registration requirements. *Id.*

An appellate court's role in a sufficiency review of an SVP determination is not to compare and weigh the factors that are "absent" in supporting the classification against those found and relied upon by the trial court. *Commonwealth v. Meals*, 912 A.2d 213, 220 (Pa. 2006). This Court is confined to an "assessment of those factors which supported the SVP finding." *Id.*

Here, Dr. Stein performed an evaluation of Fidler and testified to a reasonable degree of professional certainty that, based on the young ages of the children Fidler abused, the nature of the sexual acts, and the fact that the abuse continued for at least seven months, Fidler met the criteria for pedophilic disorder,[7] a mental abnormality. Dr. Stein stated that this is a lifelong, non-curable condition and that reoffending is likely if the individual is given unsupervised access to young girls in the future. N.T. SVP Hearing, 5/27/14, at 9. Dr. Stein testified that it was relevant that Fidler was caught in bed with R.F. for a second time in May of 2013, as it demonstrates that

_____

[7] Dr. Stein defined this as a condition that describes a sexual interest and acting on that interest over a period of at least six months. N.T. SVP Hearing, 5/27/14, at 8.

being caught the first time was not sufficient to cause him to stop the behavior. *Id.* at 8-9.

Regarding the predatory nature of the acts, Dr. Stein stated:

Predatory has to do with either initiating or establishing or maintaining or promoting a sexually victimizing relationship with multiple acts of sexual contact. Relationships were establish[ed] and maintained and promoted with each of these two victims. The acts of buying gifts, the rubbing lotion on the children is considered grooming behaviors. Grooming are any acts that make it easier to gain a victim's permission to sexually assault them, to break down their defenses, their boundaries, and that is also consistent with predatory behavior and with Pedophilic Disorders as well.

*Id.* at 11. Dr. Stein then testified that he believes Fidler meets "the classification of [a] sexually violent predator" after reviewing all of the information provided. *Id.* at 11. Dr. Stein acknowledged that after age 60 there is a drop-off in recidivism, but the risk is not eliminated and that the low rates may be due to a lack of reporting. *Id.* at 15-16.

Based on our review of the evidence presented by the Commonwealth at Fidler's SVP hearing, including Dr. Stein's testimony, we conclude that the trial court did not err in finding, by clear and convincing evidence, that Fidler satisfied the criteria to be classified as an SVP.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/26/2015</u>