J-S36027-21
J-S36028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| WILLIAM GRANT | : | |
| Appellant | : | No. 471 EDA 2021 |

Appeal from the Judgment of Sentence Entered October 2, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009009-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| WILLIAM GRANT | : | |
| Appellant | : | No. 472 EDA 2021 |

Appeal from the Judgment of Sentence Entered October 2, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009010-2018

BEFORE:   LAZARUS, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                    **FILED FEBRUARY 23, 2022**

Appellant, William Grant, appeals from the judgments of sentence entered by the Philadelphia County Court of Common Pleas, following his bench trial convictions for two counts each of indecent assault, endangering

_____

[*] Retired Senior Judge assigned to the Superior Court.

the welfare of children ("EWOC"), corruption of minors, and unlawful contact with a minor, and one count each of rape, involuntary deviate sexual intercourse ("IDSI"), and aggravated indecent assault.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows.  Appellant dated J.H. between 2015 and 2018.  During that period, Appellant intermittently lived with J.H. and her minor daughters, Ame.G. and Amy.G. ("Victims").  While residing with the family, Appellant sexually abused Victims.  Victims first reported the abuse to their aunt, E.B., in December 2018.  E.B. immediately informed J.H. about the accusations, and J.H. reported Appellant's conduct to police.

On December 28, 2018, the Commonwealth filed criminal informations charging Appellant with multiple sex offenses at two different docket numbers.  At No. 9009 of 2018, the Commonwealth charged Appellant with offenses related to Amy.G.  At No. 9010 of 2018, the Commonwealth charged Appellant with offenses related to Ame.G.  On February 4, 2019, the Commonwealth filed a motion to consolidate the matters for trial, which the court granted.

Appellant proceeded to a bench trial, and the court found Appellant guilty of all charges.  On October 2, 2020, the court sentenced Appellant to an aggregate term of 10 to 20 years' incarceration.  On October 12, 2020, Appellant filed a timely post-sentence motion claiming that the verdict was

---

[1] 18 Pa.C.S.A. §§ 3126(a)(7), 4304(a)(1), 6301(a)(i)(ii), 6318(a)(1), 3121(c), 3123(b), and 3125(b), respectively.

against the weight of the evidence. Appellant's post sentence motion was denied by operation of law on February 17, 2021.

On February 23, 2021, Appellant timely filed separate notices of appeal at each docket number. The court ordered Appellant to file Pa.R.A.P. 1925(b) concise statements of errors complained of on appeal on February 25, 2021. On March 16, 2021, Appellant timely filed identical Rule 1925(b) statements at each docket number.

Appellant now raises two issues for our review:

> Is the evidence legally sufficient to convict [Appellant] of all charges where the evidence offered to support the verdict of guilt in these matters is so unreliable and/or contradictory as to make the verdict based upon conjecture?
>
> Is the verdict of guilty with respect to all charges against the weight of the evidence and so contrary to the evidence that it shocks one's sense of justice...?

(Appellant's Briefs at 7).

Appellant's two issues are related, and we address them together. Appellant contends that the trial record contains many "inconsistencies and deficiencies." (*Id.* at 30). Specifically, Appellant argues that the Commonwealth did not present physical evidence and relied on testimony from those involved in reporting the abuse. Appellant emphasizes that the parties entered into a stipulation regarding the December 2018 physical examination of Ame.G., which was normal. Appellant insists a "a normal exam neither proves or disproves a history of physical abuse." (*Id.* at 35). Absent

any physical evidence, Appellant maintains that "the testimony presented at trial was so unreliable and contradictory that the verdict could only have been arrived at through speculation and conjecture." (*Id.* at 36). Appellant concludes the Commonwealth presented insufficient evidence to support his convictions, and the convictions are also against the weight of the evidence. We disagree.

Our standard of review for sufficiency claims is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Tucker*, 143 A.3d 955, 964 (Pa.Super. 2016), *appeal denied*, 641 Pa. 63, 165 A.3d 895 (2017) (quoting *Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011)).

When examining a challenge to the weight of the evidence, our standard

of review is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> ***Commonwealth v. Small***, 559 Pa. 423, [435,] 741 A.2d 666, 672-73 (1999). Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Champney***, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (most internal citations omitted).

The Crimes Code defines rape as follows:

**§ 3121. Rape**

\* \* \*

**(c) Rape of a child.—**A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age.

18 Pa.C.S.A. § 3121(c). The Crimes Code defines "sexual intercourse" as follows: "In addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required." 18 Pa.C.S.A. § 3101. Additionally, "the uncorroborated testimony of the

complaining witness is sufficient to convict a defendant of sexual offenses."

***Commonwealth v. Castlehun***, 889 A.2d 1228, 1232 (Pa.Super. 2005).

The Crimes Code defines IDSI as follows:

> **§ 3123.  Involuntary deviate sexual intercourse**
>
> \*      \*      \*
>
> **(b)    Involuntary deviate sexual intercourse with a child.—**A person commits involuntary deviate sexual intercourse with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age.

18 Pa.C.S.A. § 3123(b).   The Crimes Code defines "deviate sexual intercourse," in relevant part, as follows: "Sexual intercourse per os or per anus between human beings…."  18 Pa.C.S.A. § 3101.

> [I]n order to sustain a conviction for [IDSI], the Commonwealth must establish the perpetrator engaged in acts of oral or anal intercourse, which involved penetration however slight.  In order to establish penetration, some oral contact is required.  Moreover, a person can penetrate by use of the mouth or the tongue.

***Commonwealth v. L.N.***, 787 A.2d 1064, 1070 (Pa.Super. 2001), *appeal denied*, 569 Pa. 680, 800 A.2d 931 (2002) (internal citations omitted).

The Crimes Code defines aggravated indecent assault as follows:

> **§ 3125.  Aggravated indecent assault**
>
> \*      \*      \*
>
> **(a)    Offenses defined.—**Except as provided in sections 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual

assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic, or law enforcement procedures commits aggravated indecent assault if:

(1) the person does so without the complainant's consent;

(2) the person does so by forcible compulsion;

(3) the person does so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

(4) the complainant is unconscious or the person knows that complainant is unaware that the penetration is occurring;

(5) the person has substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants, or other means for the purpose of preventing resistance;

(6) the complainant suffers from a mental disability which renders him or her incapable of consent;

*    *    *

**(b) Aggravated indecent assault of a child. —** A person commits aggravated indecent assault of a child when the person violates subsection (a)(1), (2), (3), (4), (5) or (6) and the complainant is less than 13 years of age.

18 Pa. C.S.A. § 3125(a)(1)-(6), (b).

The Crimes Code defines indecent assault as follows:

**§ 3126.  Indecent assault**

**(a)  Offense defined.**—A person is guilty of indecent assault if the person has indecent contact with the

- 7 -

complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

\* \* \*

(7) the complainant is less than 13 years of age[.]

18 Pa.C.S.A. § 3126(a)(7). "Indecent contact" is "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101.

The Crimes Code defines EWOC as follows:

**§ 4304. Endangering welfare of children**

**(a) Offense defined.**—

(1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

\* \* \*

(3) As used in this subsection, the term "person supervising the welfare of a child" means a person other than a parent or guardian that provides care, education, training or control of a child.

18 Pa.C.S.A. § 4304(a)(1), (3). The Commonwealth must prove the following to sustain an EWOC conviction: (1) the accused was aware of his duty to protect the child; (2) the accused was aware that the child was in circumstances that could threaten the child's physical or psychological

- 8 -

welfare; and (3) the accused has either failed to act or has taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare. ***Commonwealth v. Bryant***, 57 A.3d 191, 197 (Pa.Super. 2012).

The Crimes Code defines corruption of minors as follows:

**§ 6301.  Corruption of minors**

**(a)   Offense defined.**—

\*     \*     \*

(1)(ii)      Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a)(1)(ii).

The Crimes Code defines unlawful contact with a minor as follows:

**§ 6318.  Unlawful contact with minor**

**(a)   Offense defined.**—A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:

(1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

18 Pa.C.S.A. § 6318(a)(1).

Instantly, the Commonwealth presented testimony from Ame.G. After questioning Ame.G. about her age and the layout of her home, the prosecutor asked about Ame.G.'s encounters with Appellant. (*See* N.T. Trial, 8/19/19, at 13). Ame.G. testified that the incidents with Appellant started when she was nine or ten years old, and they occurred "[m]ore than once, [but] less than five" times. (*Id.*) Ame.G. stated that the first incident occurred in the basement of her home. On that occasion, Appellant told Ame.G. "to suck his penis and he put his penis inside of me." (*Id.* at 14). Ame.G. confirmed that she complied with Appellant's requests and engaged in oral and vaginal sex with him.

The prosecutor inquired about the frequency of these sex acts. Ame.G. noted that she engaged in oral sex with Appellant "[o]ne time," but Appellant penetrated her vagina with his penis "[m]ore than once." (*Id.* at 17). Ame.G. testified that the last instance of vaginal penetration occurred when she was "11 or 12" years old. (*Id.*) Appellant also instructed Ame.G. not to tell J.H. about what they had done. (*Id.* at 18). Ame.G. initially complied with Appellant's instruction because she was scared. (*Id.*)

Amy.G. also testified about her interactions with Appellant, describing a particular incident that occurred when she was nine years old:

> I was in the porch room with [Appellant] while he was playing the video game. And he sat next to me on the couch and then he started touching my private part.

(*Id.* at 41). Amy.G. clarified that "private part" referred to her vagina. (*Id.*

- 10 -

at 43). Amy.G. explained that Appellant used his hand to touch the "inside" of her vagina "[u]nder [her] underwear." (*Id.*) The prosecutor then asked whether Appellant had touched any other parts of Amy.G.'s body. (*Id.* at 44). Amy.G. noted that Appellant touched her breasts "[m]ore than once." (*Id.* at 45). On these occasions, Appellant placed his hands on Amy.G.'s breasts, over her clothes. (*Id.*)

Additionally, the Commonwealth called E.B., who testified that J.H. left Appellant alone with Victims on the nights when J.H. had to work. (*Id.* at 60). The Commonwealth also called J.H., who confirmed that there were several occasions when Appellant was the only person at home with her children. (*Id.* at 72). After the testimony from J.H., the Commonwealth rested. At that point, the parties entered into a stipulation regarding proposed testimony from the doctor who performed the December 2018 physical examination of Ame.G. If called to testify, the doctor would have said that Ame.G.'s physical examination was normal, and that "a normal examination neither proves or disproves a history of physical abuse and would be consistent with a reported history." (*Id.* at 78).

Viewing this evidence in the light most favorable to the Commonwealth as verdict winner, the record supports the verdicts. *See Tucker, supra*. Here, Ame.G.'s testimony established that Appellant engaged in oral and vaginal intercourse with the child. Amy.G.'s testimony further established that Appellant inappropriately touched her breasts and the inside of her vagina.

Victims' uncorroborated testimony alone provided adequate support for Appellant's rape, IDSI, aggravated indecent assault, indecent assault, and unlawful contact convictions. *See Castlehun, supra*; *L.N., supra*; 18 Pa.C.S.A. § 3101. Because the Commonwealth presented sufficient evidence to demonstrate the commission of the sex offenses, sufficient evidence also supported the convictions for EWOC and corruption of minors. *See* 18 Pa.C.S.A. § 4304; 18 Pa.C.S.A. § 6301(a)(i)(ii).

Regarding Appellant's challenge to the weight of the evidence, the court specifically found that the Commonwealth's evidence was credible.[2] We decline to substitute our judgment for that of the factfinder, and we do not believe that the verdict is so contrary to the evidence as to shock one's sense of justice. *See Champney, supra*. Therefore, we affirm the judgments of sentence.

Judgments of sentence affirmed.

_____

[2] We reiterate that in cases where the trial court has ruled on the weight claim below, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim. *See Champney, supra*. Here, the jurist who presided over Appellant's trial, the Honorable Daniel D. McCaffery, was elected to this Court after the trial. Consequently, Judge McCaffery did not rule on Appellant's post-sentence motion challenging the weight of the evidence, and the motion was denied by operation of law. Nevertheless, the trial transcript includes the following finding from Judge McCaffery: "This is a credibility forum and I believe every word out of that little girl's mouth. I find [Appellant] guilty of all charges." (N.T. Trial at 88). Thus, the record includes an express determination regarding the weight of the evidence that we may review for an abuse of discretion. *See Champney, supra*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/23/2022