J-A27034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDGAR JOHN WILLITS, JR. | : | |
| | : | |
| Appellant | : | No. 196 MDA 2022 |

Appeal from the Judgment of Sentence Entered January 14, 2022
In the Court of Common Pleas of Clinton County Criminal Division at
No(s):  CP-18-CR-0000536-2020

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED:  JANUARY 6, 2023**

Appellant, Edgar John Willits, Jr., appeals from the judgment of sentence imposed following his conviction of rape of a child, aggravated indecent assault of a child, sexual assault, indecent assault of a child, and corruption of minors.[1]  We affirm.

Appellant was charged related to an incident that occurred in August 2016 when K.S., who was then nine years old, was visiting the house shared by her Great Aunt Karen ("Aunt Karen") and Appellant.  Appellant was 58-years old on the date in question and had been dating Aunt Karen for more than 15 years.  Aunt Karen and Appellant regularly babysat K.S. and her two younger sisters during that period.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3121(c), 3125(b), 3124.1, 3126(a)(7), and 6301(a)(1)(ii), respectively

K.S. testified at trial that Appellant paid special attention to her, frequently bought her gifts and gave her money, and called her "[g]irlfriend, gorgeous, beautiful." N.T., 8/12/21, at 37. On the date of the attack, K.S. went to Appellant and Aunt Karen's house to spend the night without her sisters. K.S. was anticipating asking Appellant to buy her a gift card for a videogame and going to a hunting camp the next day. When she arrived, Appellant and Aunt Karen were already drinking alcohol and therefore they could not take her to get the videogame card.

At approximately midnight, after Aunt Karen had gone to bed, K.S. was laying on her stomach on the couch in the living room and playing a game on her phone. Appellant approached her and began rubbing her buttocks underneath her dress, saying that she was "beautiful[,] and asking why [she did not] have a boyfriend." *Id.* at 44. Appellant then moved her underwear to the side with his hand, unbuckled his pants, and inserted his penis into her vagina. K.S. forced him off of her within a few minutes and ran to wake up Aunt Karen. K.S. told her aunt that Appellant "touched [her] butt" and demanded that she call K.S.'s mother to pick her up. *Id.* at 46.

For several years, K.S. did not tell her mother the full extent of what transpired in August 2016, as she "was scared[, . . .] didn't know what would happen[, . . . and] didn't know how to tell anybody." *Id.* at 49. After the incident, K.S. attempted to distance herself from Appellant at family functions when they were both present. Ultimately, in August 2020, K.S. informed her mother of the assault and police were contacted.

On August 12, 2021, the jury found Appellant guilty of the above-stated offenses. On January 14, 2022, the trial court sentenced Appellant to 20 to 40 years' imprisonment and a fine of $1,500 for rape of a child and a consecutive term of imprisonment of 16 to 84 months for corruption of minors.[2] The remaining counts merged with the rape offense. Appellant thereafter filed this timely appeal.[3]

Appellant raises the following issues on appeal:

1. Did the Closing Argument of the prosecuting attorney in which he emphasized to the Jury that the only way that they could find the Appellant not guilty was to believe that the victim was lying, an incorrect statement of law, deny Appellant his right to a fair trial?

2. Should the Lower Court have instructed the Jury that that part of the prosecuting attorney's argument was an incorrect statement of law?

Appellant's Brief at 10.

This appeal concerns two portions of the prosecutor's closing argument.

First, the prosecutor argued to the jury:

Whenever you determine the issue of credibility – that's ultimately what this is. In order for you to find the defendant not guilty, you have to believe one hundred percent that [K.S.] lied. That's the only way you can reach the determination that he's not guilty.

_____

[2] The trial court initially sentenced Appellant on January 10, 2022 to 60 to 84 months of imprisonment for corruption of minors, but the court issued a revised sentencing order on January 14, 2022 correcting the corruption of minors sentence and leaving the remaining sentence intact.

[3] Appellant filed his concise statement of errors complained of on appeal on March 10, 2022, and the trial court issued its Pa.R.A.P. 1925(a) opinion on March 16, 2022.

N.T., 8/12/21, at 189. The prosecutor later stated: "in order to find the defendant not guilty, you have to believe that [K.S.] has fabricated an entire story, an entire story, about being raped in August of 2016, and she fabricated that story in August of 2020." *Id.* at 191.

Appellant's counsel objected at the conclusion of closing arguments on the basis that the prosecutor misrepresented the applicable law and requested a curative instruction. *Id.* at 194-96. The trial court stated that it would properly instruct the jury on the evaluation of a witness's credibility and veracity and denied Appellant's request for an instruction directly responding to the prosecutor's comments. *Id.* at 195-96. Following the jury charge, defense counsel stated his belief that the instructions did not make clear to the jury that they could believe parts of both the victim's and Appellant's testimony and still find Appellant not guilty. *Id.* at 216-17. The trial court denied the request for an additional instruction. *Id.* at 217.

Appellant argues that the prosecutor's comments, which the trial court refused to correct in its instructions, had the effect of confusing the jury and were a misstatement of the law. Appellant asserts that the prosecutor's argument left the jury with the impression that the Commonwealth was relieved of its burden of proving Appellant's guilt beyond a reasonable doubt and instead that Appellant had the burden of disproving K.S.'s accusations. Appellant contends that the trial court should have instructed the jury as follows:

> The prosecutor has argued that the only way you find the defendant not guilty is to find that K.S. lied or words to that effect; that is not the law, the defendant is presumed innocent and you must view all of the evidence presented here at trial to determine if the Commonwealth has met its burden of proving the defendant guilty beyond a reasonable doubt. Instead, you should follow my instructions to you regarding when the defendant should be found guilty or not guilty by you.

Appellant's Brief at 15.

Our Supreme Court has set forth the legal standards with respect to a claim that a prosecutor engaged in misconduct during summation:

> To succeed on such a claim, [a defendant is] required to demonstrate that the prosecutor's comments violated a constitutionally or statutorily protected right, such as the Fifth Amendment privilege against compulsory self-incrimination or the Sixth Amendment right to a fair trial, or a constitutional interest such as due process. To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial. The touchstone is the fairness of the trial, not the culpability of the prosecutor.

> A prosecutor may make fair comment on the admitted evidence and may provide fair rebuttal to defense arguments. Even an otherwise improper comment may be appropriate if it is in fair response to defense counsel's remarks. Any challenge to a prosecutor's comment must be evaluated in the context in which the comment was made.

> Not every unwise, intemperate, or improper remark made by a prosecutor mandates the grant of a new trial. Reversible error occurs only when the unavoidable effect of the challenged comments would prejudice the jurors and form in their minds a fixed bias and hostility toward the defendant such that the jurors could not weigh the evidence and render a true verdict.

> While it is improper for a prosecutor to offer any personal opinion as to the guilt of the defendant or the credibility of the witnesses, it is entirely proper for the prosecutor to summarize the evidence presented, to offer reasonable deductions and inferences from the evidence, and to argue that the evidence establishes the

defendant's guilt. . . . The prosecutor must be free to present his or her arguments with logical force and vigor, and comments representing mere oratorical flair are not objectionable.

***Commonwealth v. Burno***, 94 A.3d 956, 974 (Pa. 2014) (citations, brackets, and quotation marks omitted).

Concerning Appellant's argument that the trial court failed to properly instruct the jury, our standard of review is whether the trial court committed an abuse of discretion or an error of law. ***Commonwealth v. Soto***, 202 A.3d 80, 98 (Pa. Super. 2018). We must "look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper." ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1098 (Pa. Super. 2019) (citation omitted). The trial court has broad discretion and may choose its own words in fashioning jury instructions. ***Soto***, 202 A.3d at 98. "Our key inquiry is whether the instruction on a particular issue adequately, accurately and clearly presents the law to the jury, and is sufficient to guide the jury in its deliberations." ***Id.*** (citation omitted).

In its opinion, the trial court noted that it provided instruction to the jury, both before and after closing arguments, the arguments of counsel were not evidence, the jury was empowered to resolve any evidentiary conflicts, and that the jury must apply the law supplied by the court rather than counsel. Trial Court Opinion, 3/16/22, at 2-3 (unnumbered). The court stated that the identified comments by the prosecutor "were nothing more than a request that the jury accept the victim's testimony as credible in light of the evidence"

- 6 -

and that the court did not abuse its discretion in determining that the requested inference did not constitute prosecutorial misconduct. ***Id.***

We agree with the trial court that the prosecutor's arguments did not constitute misconduct. As the Commonwealth notes in its brief, the prosecutor's arguments were a direct reply to statements by defense counsel in his summation. Defense counsel described the prosecution of Appellant as a "he said, she said" case that "involves a question of lying" with K.S. and Appellant "hav[ing] different views of what happened between them." N.T., 8/12/21, at 177, 180. Defense counsel then discussed an instance in which K.S. was caught lying about an unrelated matter at school, and he proposed several reasons "why [K.S.] would [] lie" in August 2020 about Appellant assaulting her four years' prior, including as revenge for Appellant stopping showering her with gifts and attention. ***Id.*** at 177-78.

As explained above, a prosecutor is afforded leeway to vigorously argue his case where it is a "fair response" to defense counsel. ***Burno***, 94 A.3d at 974 (citation omitted); ***see also Commonwealth v. Clancy***, 192 A.3d 44, 61 (Pa. 2018) (appellate court "must consider whether the contested remarks constitute a fair response to the arguments of the defense"). The prosecutor's comments here that the jury needed to believe that K.S. concocted an "entire [fabricated] story" of being raped in order to find Appellant not guilty, N.T., 8/12/21, at 189, 191, constituted just such a "fair response" to defense counsel's insinuation that K.S. made up a story of Appellant sexual assaulting her out of whole cloth. That the prosecutor's statements were a rebuttal to

the defense's questioning of her veracity is clear from the context of the prosecutor's argument, in which he urged the jury to carefully assess K.S.'s credibility based upon factors such as her body language and demeanor and noted that she distinctly recalled certain details of her experience of being sexually assaulted, including the smell of her aunt's chili and the sound of Appellant unbuckling his brass belt buckle. *Id.* at 189-90; *see also id.* at 45, 56. The closing argument did not stray beyond the bounds of permitted oratorical flair as the prosecutor did not offer his personal opinion regarding K.S.'s credibility or Appellant's guilt. *Burno*, 94 A.3d at 974-75.

Furthermore, the prosecutor's statement that "the only way [to] reach the determination that [Appellant is] not guilty" was for the jury to disbelieve K.S.'s description of Appellant's violative act is consistent with the caselaw of our Commonwealth. N.T., 8/12/21, at 189. It is well-established that the complaining witness's uncorroborated testimony is sufficient to support convictions of rape and other sexual offenses. *See Commonwealth v. Juray*, 275 A.3d 1037, 1046 (Pa. Super. 2022); *Commonwealth v. Gonzalez*, 109 A.3d 711, 721 (Pa. Super. 2015); *Commonwealth v. Castelhun*, 889 A.2d 1228, 1232 (Pa. Super. 2005). The trial court instructed the jury that K.S.'s testimony standing alone, if believed to be true, would be sufficient to find Appellant guilty of the charges against him, even if the verdict were unsupported by any other evidence. N.T., 8/12/21, at 212-13. Appellant did not object to this instruction.

Even to the extent there was any confusion caused by the prosecutor's statements, the trial court did not commit an error of law or abuse of discretion in its jury instructions. The trial court provided ample instruction before and after closing arguments to clarify the jury's role in determining Appellant's guilt. Specifically, the court instructed prior to closing arguments that the jury was not bound by counsel's recollection of the evidence or by the principles of law mentioned by counsel. *Id.* at 176. Rather, the court stated, the jury was required to apply the law as instructed by the court to the facts as found by the jury. *Id.*

Following summation, the court reiterated that "[t]he speeches of counsel are not part of the evidence and you should not consider them as such," and further that the jury "should follow [the court's] points of law and not the points [of] law of counsel." *Id.* at 203-04. The court explained that "[i]t is the right and duty of each attorney to discuss the evidence in a manner which is most favorable to the side he or she represents," and that, while the jurors should "be guided by each attorney's arguments to the extent that they are supported by evidence" and consistent with common sense, they were not required to accept the arguments of either attorney. *Id.* at 204.

The trial court further instructed that Appellant enjoyed the presumption of innocence and that the Commonwealth bore the burden of proof beyond a reasonable doubt. *Id.* at 198-99. The court informed the jury that it had the responsibility to reconcile conflicts in the testimony where possible or, where the conflicts were irreconcilable, to choose which version to accept. *Id.* at

201-02. The court stressed that even where the jurors believed that a portion of a witness's testimony was false, it was not required to disbelieve the witness's testimony *in toto*. **Id.** at 202.

Appellant has not identified any inaccuracy in the trial court's instructions to the jury. The instructions made abundantly clear to the jury that they were not merely to accept the attorneys' characterizations of the evidence and that they should apply their own reasoning faculties to determine which of the testimony to believe and which to not believe. Furthermore, the jury was instructed that it was the arbiter of factual disputes and that it should follow the court's instructions on the law, not counsel's. While Appellant included an instruction in his brief that he insists the trial court should have read to the jury, **see** Appellant's Brief at 15 (quoted above), he did not articulate this proposed instruction at the time of his objection despite being asked to do so by the trial court. N.T., 8/12/21, at 194-96, 216-17. In any event, we do not believe that any additional instruction was necessary to ensure that the jury remained cognizant of Appellant's presumption of innocence or the Commonwealths' burden of proof.

Accordingly, we conclude that the trial court did not abuse its discretion in finding that the prosecutor did not engage in misconduct during closing argument and in denying Appellant's request to amend the jury instructions. We therefore affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>01/06/2023</u>