J-S45036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LARON DARNELL WILSON, JR. | : | |
| | : | |
| Appellant | : | No. 44 MDA 2018 |

Appeal from the Judgment of Sentence December 11, 2017
in the Court of Common Pleas of Dauphin County
Criminal Division at No.:  CP-22-CR-0005738-2016

BEFORE:   PANELLA, J., OTT, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 03, 2018**

Appellant, Laron Darnell Wilson, Jr., appeals from the judgment of
sentence imposed on December 11, 2017, following his jury trial conviction of
indecent assault, unlawful contact with a minor, and corruption of minors.[1]
Specifically, he challenges the sufficiency and weight of the evidence to
support his conviction.  We affirm.

We take the factual and procedural history in this matter from our
review of the certified record and the trial court's April 5, 2018 opinion.

> The following testimony was presented at [the three-day
> jury trial that commenced September 11, 2017].  E.V. testified
> that she was thirteen [] years old during the summer of 2014, and
> living in Hummelstown, PA. . . .  On the last day of school, E.V.
> was with her friend Emma at Shaffner Park in Hummelstown.
> [Appellant] was there with a couple of people.  That evening, E.V.
> received a Facebook friend request from him. . . .  E.V. and

---

[1] 18 Pa.C.S.A. §§ 3126(a)(8), 6318(a)(1), and 6301(a)(1)(ii), respectively.

---

\*   Retired Senior Judge assigned to the Superior Court.

[Appellant], who she only knew by the name of "Weedy" at that point, began chatting on Facebook. She told him she was [thirteen] and he told her he was [seventeen]. They made a plan to meet up at Borough Park, which was in Hummelstown. . . . [E.V.] met [Appellant] somewhere between 9:00 p.m. and 10:00 p.m., on a stage that is set up at the park for bands to perform. . . . They eventually walked over to a pavilion, and started kissing and "making out." . . . They stayed in the park for approximately thirty to forty minutes.

[Appellant] messaged E.V. a couple days later via Facebook. They decided to "hang out" again, and E.V. asked if her friend Emma could come along. [Appellant] was fine with that. . . . [E.V. and Emma] both met up with [Appellant] at Borough Park in the afternoon. . . . [After about an hour, Appellant] told Emma to leave. E.V. testified that [Appellant] was yelling at Emma to go, and that Emma got up and hid behind a tree for a bit, and then eventually left. Before Emma left, she told E.V. she did not want to leave her with him because she did not trust [Appellant] or know much about him. [Appellant] and E.V. were behind a dumpster and, after Emma walked away, the two of them started kissing. [Appellant] grabbed E.V.'s "butt," tried to unzip her pants, and wanted to unzip her jacket so [he] could see her "boobs." . . . E.V. testified that she was confused, did not know what was going on, and that she had never been in a situation with a guy like that. She pushed him away when he tried to get in her pants. He then pulled down his own pants and put E.V.'s hand on his penis and had her stroke it. E.V. testified that she removed her hand and looked at the ground because she was upset. She told [Appellant] she was upset, and he asked if it [was] due to their age difference. She said yes and started to walk away. She realized she had his phone in her pocket so she walked back, gave it to him, and then started running home. . . .

. . . At some point later that summer, E.V. saw something on Facebook that led her to believe that [Appellant] was [twenty-one] years old, not [seventeen], as he had stated. . . . [She] testified that she deleted [the Facebook messages between her and Appellant] right after the incident behind the dumpster.

(Trial Court Opinion, 4/05/18, at 1-3) (record citations omitted). Two years

later, E.V reported the incident to her high school guidance counselor, when

she became concerned after seeing Appellant walking with a girl who appeared young. (*See id.* at 4).

At trial, Corporal Eugene Spencer, of the Hummelstown Borough Police Department, testified that he interviewed Emma and investigated the incident. As part of his investigation, he attempted to obtain deleted Facebook messages between E.V. and Appellant, but his search warrant did not recover any messages. Corporal Spencer testified that search warrants on Facebook do not always produce the results you are specifically looking for. (*See* N.T. Trial, 9/12/17, at 90-93). Corporal Spencer discovered that Appellant's birthday was October 6, 1992, meaning that he was twenty-one years old during the summer of 2014, when the incident occurred. (*See id.* at 94).

On September 13, 2017, after a three-day trial, the jury convicted Appellant on all counts. On December 11, 2017, the trial court sentenced Appellant to not less than eight and one-half nor more than twenty-three months of incarceration, followed by six years of probation. Appellant filed a timely post-sentence motion, challenging the weight of the evidence to support his conviction of unlawful contact with a minor and corruption of a minor. The trial court denied Appellant's motion on December 27, 2017. This timely appeal followed.[2]

Appellant raises three questions on appeal.

---

[2] Pursuant to the trial court's order, Appellant filed his concise statement of errors complained of on appeal on February 9, 2018. The trial court entered its opinion on April 5, 2018. *See* Pa.R.A.P. 1925.

1. Did the trial court err[] in denying Appellant's post-sentence motion contending the sufficiency of the evidence and testimony used to convict the Appellant of Count one (1), indecent assault (18 Pa.C.S.[A.] § 3126(a)(8)), in that no contact, as defined in the statute, occurred. And where the testimony of the affiant showed there was no communication between the Appellant and the complaining witness to corroborate the complaining witness's testimony?

2. Whether the trial court abused its discretion in denying Appellant's post-sentence motion because the jury verdict was so contrary to the weight of the evidence as to shock one's sense of justice where the Commonwealth failed to prove beyond a reasonable doubt that the Appellant had any contact with the complaining witness?

3. Did the trial court abuse its discretion in denying Appellant's post-sentence motion where the verdict was against the weight of the evidence as to shock one's sense of justice where the Commonwealth failed to prove beyond a reasonable doubt that Appellant corrupted the morals of a minor?

(Appellant's Brief, at 5) (most capitalization and emphasis omitted).

Our standard of review for a challenge to the sufficiency of the evidence is well settled.

> When reviewing challenges to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. In addition, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented.

*Commonwealth v. Smith*, 146 A.3d 257, 261-62 (Pa. Super. 2016) (citations and quotation marks omitted).

In his first issue, Appellant challenges the sufficiency of the evidence to support his indecent assault and unlawful contact with a minor conviction. (*See* Appellant's Brief, at 15-23). Specifically, he claims that, with respect to his indecent assault conviction, the evidence was not sufficient because there was no physical evidence, no Facebook messages were uncovered as a result of the subpoena, and the testimony between Emma and E.V. was inconsistent, thus E.V. lacked credibility.[3] (*See id.* at 16-20). With respect to his unlawful contact with a minor conviction, he claims that the evidence did not support that he contacted the victim for the purpose of engaging in a prohibited activity. (*See id.* at 20-23). We disagree.

Appellant was convicted of indecent assault, which is defined as follows:

**(a)    Offense defined.—**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

---

[3] Initially, we observe that a claim that relies solely on a credibility based argument challenges the weight, not the sufficiency, of the evidence. *See Commonwealth v. Wilson*, 825 A.2d 710, 713-14 (Pa. Super. 2003). Thus, Appellant's challenges to E.V.'s credibility raise a weight of the evidence claim, which is waived for for failure to raise it first before the trial court. *See* Pa.R.Crim.P. 607; *Wilson*, *supra* at 714; (*see also* Post-Sentence Motion, 12/20/17, at 2 (seeking new trial for unlawful contact with minor and corruption of minor charges only)).

\*　　\*　　\*

> (8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3126(a)(8).

It is well settled that, "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." *Commonwealth v. Castelhun*, 889 A.2d 1228, 1232 (Pa. Super. 2005) (citation omitted).

Here, E.V. testified at trial that Appellant grabbed her "butt," tried to unbutton her pants and wanted her to unzip her jacket so that he could see her boobs. (*See* N.T. Trial, 9/11/17, at 35). In addition, she testified that he "pulled down his pants and then put [E.V.'s] hand on his penis." (*Id.* at 36).

Upon review we conclude that, viewing the evidence in the light most favorable to the Commonwealth, the evidence was sufficient for the jury, who was free to believe some, all, or none of the evidence presented, to establish that Appellant had indecent contact with E.V., who was under the age of sixteen at the time. *See Smith*, *supra* at 261-62; *Castelhun*, *supra* at 1232. Thus, Appellant's challenge to the sufficiency of the evidence to support his indecent assault conviction is meritless.

Next, Appellant claims that the evidence was insufficient to support his unlawful contact with a minor conviction.

> § 6318. Unlawful contact with minor

**(a) Offense defined.**—A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:

> (1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

18 Pa.C.S.A. § 6318(a)(1).

In the instant case, E.V. testified that Appellant contacted her via Facebook messages, and twice made plans to meet her at Borough Park, where he assaulted her. (*See* N.T. Trial, at 22-23, 25, 27-29, 35-37). The trial court explained that "[v]iewing the evidence in the light most favorable to the Commonwealth, there was ample testimony presented that [Appellant] contacted E.V. via Facebook messages for the purpose of engaging in a sexual offense; in this case, indecent assault." (Trial Ct. Op., at 8).

Upon review, we conclude that Appellant's challenge to the sufficiency of the evidence to support his unlawful contact conviction is meritless. *See Smith*, *supra* at 261-62; *Castelhun*, *supra* at 1232. Accordingly, because the evidence was sufficient to support Appellant's conviction of indecent assault and unlawful contact, Appellant's first issue does not merit relief.

In his second and third issues,[4] Appellant challenges the weight of the evidence to support his conviction of unlawful contact with a minor, and corruption of a minor. (*See* Appellant's Brief, at 23-26). He claims that based

---

[4] Because they both concern the weight of the evidence, for ease of disposition, we discuss Appellant's second and third issues together.

- 7 -

on a lack of corroborating Facebook messages, and inconsistent evidence, E.V.'s testimony alone was insufficient. (*See id.*). We disagree.

> When considering challenges to the weight of the evidence, we apply the following precepts. The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses. Resolving contradictory testimony and questions of credibility are matters for the finder of fact. It is well-settled that we cannot substitute our judgment for that of the trier of fact.
>
> Moreover, Appellate review of a weight claim is a review of the exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> Furthermore, in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

*Commonwealth v. Miller*, 172 A.3d 632, 642-43 (Pa. Super. 2017), *appeal denied*, 183 A.3d 970 (Pa. 2018) (citations and quotation marks omitted).

In the instant case, the trial court denied Appellant's weight of the evidence claims. It explained that

> [h]ere, the jury found credible evidence that [Appellant] had contact with E.V. Again, there was ample testimony to prove that there was contact via social media, verbal contact, and physical contact between the two. The jury also concluded that there was credible testimony supporting the fact that [Appellant's] course of conduct corrupted the morals of E.V. . . . . The verdict was not so

contrary to the evidence as to shock the [c]ourt's conscience.  The weight of the evidence claim was properly denied.

(Trial Ct. Op., at 9).

Upon review, we decline Appellant's invitation to reweigh the evidence in this matter, and conclude that the trial court did not abuse its discretion in denying his weight of the evidence challenge.  **_See Miller_**, **_supra_** at 642-43. Appellant's second and third issues do not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/03/2018