J-A08030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRELL BRIDGET | : | |
| | : | |
| Appellant | : | No. 2340 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 7, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008648-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRELL BRIDGET | : | |
| | : | |
| Appellant | : | No. 1702 EDA 2020 |

Appeal from the Judgment of Sentence Entered March 7, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008655-2017

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MURRAY, J.:                              **FILED:  APRIL 23, 2021**

_____

* Former Justice specially assigned to the Superior Court.

Terrell Bridget (Appellant) appeals[1] from the judgment of sentence entered following his nonjury convictions at docket CP-51-CR-0008648-2017 of aggravated assault, strangulation, endangering the welfare of a child, possessing an instrument of crime, simple assault, and recklessly endangering another person;[2] and at docket CP-51-CR-0008655-2017 of rape of a child, involuntary deviate sexual intercourse with a child, aggravated indecent assault of a child, unlawful contact with a minor, endangering the welfare of a child, corruption of minors, indecent assault, and simple assault.[3] We affirm.

On September 18, 2018, the trial court found Appellant guilty of the aforementioned crimes. The charges arose from Appellant's physical and sexual abuse of his girlfriend's children. The testimony and medical evidence presented at trial demonstrated long-term physical abuse of the four-year-old male, including broken blood vessels in his eyes from being choked, extensive bruising, and muscle damage from being beaten with a belt. Trial Court Opinion, 10/8/20, at 2-3. The testimony and medical evidence also

---

[1] Appellant complied with the dictates of our Pennsylvania Supreme Court in **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) (holding prospectively from the date of the **Walker** decision, "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case."). On November 5, 2020, this Court *sua sponte* consolidated the appeals.

[2] 18 Pa.C.S.A. §§ 2702(a)(1), 2718(a)(1), 4304(a)(1), 907, 2701(a), and 2705, respectively.

[3] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3125(b), 6318(a)(1), 4304(a)(1), 6301(a)(1)(ii), 3126(a)(7), and 2701(a), respectively.

demonstrated Appellant repeatedly had anal intercourse with the nine-year-old female, causing her to contract a sexually transmitted disease. *Id.* at 3-4.

On March 7, 2019, the trial court sentenced Appellant to an aggregate 12-24 years of imprisonment. On March 13, 2019, Appellant filed post-sentence motions in each case. In case No. 0008648, the court denied the post-sentence motion by operation of law. However, because of a breakdown at the trial court, it did not deny the post-sentence motion in case No. 0008655. Appellant filed notices of appeal in each case on August 12, 2019. With permission of the trial court, Appellant filed separate Rule 1925(b) statements in both cases. The trial court issued an opinion on October 8, 2020.

On appeal, Appellant presents the following questions:

CP-51-CR-0008648-2017

Is the evidence sufficient to convict defendant/appellant of the charges of aggravated assault, strangulation, EWOC, PIC, simple assault and REAP?

CP-51-CR-0008655-2017

Is the evidence sufficient to convict defendant/appellant of the charges of rape of child, IDSI with a child, aggravated indecent assault, unlawful contact with a minor, EWOC, corruption of minors, pic, simple assault and indecent assault?

Appellant's Brief at 5.

Prior to reaching the merits of Appellant's claims, we examine whether they are properly before us. Pennsylvania Rule of Appellate Procedure 1925

provides that issues not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived. **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. Given**, 244 A.3d 508, 510 (Pa. Super. 2020) (appellant waived all issues on appeal, including sufficiency of the evidence, by failing to raise them in his Rule 1925(b) statement); **Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in* **Commonwealth v. Burton**, 973 A.2d 428, 431 (Pa. Super. 2009).

Here, in his Rule 1925(b) statements, Appellant challenged the weight of the evidence, not the sufficiency. **See** Appellant's Rule 1925(b) Statements in cases CP-51-CR-0008648-2017 and CP-51-CR-0008655-2017, 9/18/20, at 1-2; **see also** Trial Court Opinion, 10/8/20, at 7. Thus, the trial court only addressed weight, not sufficiency. Trial Court Opinion, 10/8/20 at 1-11. Because Appellant did not raise his sufficiency claims in his Rule 1925(b) statements, both sufficiency issues are waived on appeal.[4] **Given**, 244 A.3d at 510.

_____

[4] Even if Appellant had raised sufficiency in his Rule 1925(b) statements, we would still find waiver. With the exception of citation to boilerplate case law, Appellant's argument lacks legal support and fails to specify what elements of what crimes he is challenging. **See** Appellant's Brief at 13-19. We have explained:

> The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not

For the above reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/23/21

---

appropriately developed include those where the party has failed to cite any authority in support of a contention. This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, we observe that the Commonwealth Court, our sister appellate court, has aptly noted that [m]ere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter.

*Coulter v. Ramsden*, 94 A.3d 1080, 1088-89 (Pa. Super. 2014) (citations and quotation marks omitted). *See Commonwealth v. Mulholland*, 702 A.2d 1027, 1034 n.5 (Pa. Super. 1997) ("In a record containing thousands of pages, this court will not search every page to substantiate a party's incomplete argument"). *See also Commonwealth v. Crosley*, 180 A.3d 761, 768 (Pa. Super. 2018) (citation omitted) (it is well settled that "even the uncorroborated testimony of a single witness may alone be sufficient to convict a defendant."); *Commonwealth v. Castelhun*, 889 A.2d 1228, 1232 (Pa. Super. 2005) ("the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses.").