J-A07024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL MICHAEL GUYER | : | |
| | : | |
| Appellant | : | No. 893 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 15, 2023
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000979-2021

BEFORE: STABILE, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.: **FILED APRIL 15, 2024**

Paul Michael Guyer ("Guyer") appeals from the judgment of sentence imposed after a jury convicted him of indecent assault.[1] We affirm.[2]

The trial court detailed the underlying facts as follows:

> [In December 2020, Guyer (a family friend), the minor victim ("the victim") N.C., his mother ("mother"), stepbrother ("stepbrother"), and other family members], were at [mother's] house [in Franklin County]. The adults, [mother, stepfather, and Guyer] were all consuming alcohol and marijuana. Sometime after everyone retired for the evening [Guyer] entered [the victim and stepbrother's] bedroom, got into bed with [the victim] and began showing him pornography. [Guyer] then began rubbing [the victim's] leg, eventually moving to his penis, over the tops of his pants. [Guyer] then eventually placed his hand under [the victim's] clothing and began to rub his penis. [Guyer] then

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3126(a)(1).

[2] We note despite requesting and receiving two extensions of time, the Commonwealth did not file a brief.

performed oral sex on [the victim] to the point where [the victim ejaculated].

Immediately following this incident[, the victim] went to [mother's] bedroom and informed [her] of what had happened. [Mother] came out of her bedroom to confront [Guyer] but he had already left the premises.

The following day, [mother] notified the Pennsylvania State Police as to what had occurred . . . . [Guyer] was eventually charged with sexual assault, indecent assault[,] and corruption of minors.

A jury trial was held . . . . The jury acquitted [Guyer] on the sexual assault and corruption of minors charges[,] but found him guilty as to the indecent assault charge. [The trial court subsequently] sentenced [Guyer] to incarceration at a state correctional institution for a time of not less than twelve months, nor more than twenty-four months.

Trial Court Opinion, 5/24/23, at 1-2 (footnotes and unnecessary capitalization and numerals omitted).

Guyer filed a post-sentence motion which the trial court denied. This timely appeal followed.[3]

Guyer raises two issues on appeal:

1.    Whether the evidence presented at trial failed to prove every element of the crime charged beyond a reasonable doubt and, therefore, was insufficient to support [Guyer's] conviction?

2.    Whether the guilty verdict following [Guyer's] trial was against the weight of the evidence presented?

Guyer's Brief at 12.

_____

[3] Guyer and the trial court complied with Pa.R.A.P. 1925.

- 2 -

In his first issue, Guyer challenges the sufficiency of the evidence underlying his conviction for indecent assault. *See* Guyer's Brief at 23-29. Pertinently:

> [w]e review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact[]finder to find every element of the crime beyond a reasonable doubt. Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact— while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact[]finder.

*Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (citations and quotation marks omitted).

> Regarding indecent assault, the Crimes Code states in relevant part:

> [a] person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person . . . for the purpose of arousing sexual desire in the person or the complainant and . . . the person does so without the complainant's consent.

18 Pa.C.S.A. § 3126(a)(1).

> We have explained:

> [t]he separate crime of indecent assault was established because of a concern for the outrage, disgust, and shame engendered in the victim rather than because of physical injury to the victim. Due to the nature of the offenses sought to be proscribed by the indecent assault statute, and the range of conduct proscribed, the statutory language does not and could not specify each prohibited act.

*Commonwealth v. Provenzano*, 50 A.3d 148, 153 (Pa. Super. 2012) (citation omitted).

Guyer argues:

> There was no physical evidence presented. The only direct evidence presented against [Guyer] to prove the crime of indecent assault without consent . . . was the testimony of [the victim]. This direct evidence failed to prove every element of the crime of indecent assault.

Guyer's Brief at 26 (unnecessary capitalization omitted). Guyer maintains the victim's testimony was inherently contradictory and unreliable and that fact, combined with the lack of physical evidence, renders the conviction unsustainable. **See id**. at 26-29.

The trial court disagreed, detailing the evidence discussed above. **See** Trial Court Opinion, 5/24/23, at 4-7. It cited to the victim's testimony he was "kind of scared," "really disoriented," and did not want sexual contact with Guyer. **Id**. at 5, quoting N.T., 922/22, at 54. The Court also noted the victim's immediate outcry to his mother:

> [Mother] testified that she went to bed in her bedroom, and [Guyer] then entered her bedroom and told her that he would be going back to [the victim and stepbrother's] bedroom. [Mother] then went to sleep. [Mother] was subsequently awakened by [the victim], who had entered [Mother's] bedroom. [Mother] testified that [the victim] woke her up and that he was "hysterically coming in and jumping at me and yelling my name for me to wake up." [Mother] was asked the following question: "And when you woke up, what did you notice about [the victim]?"
>
> Mother's answer to the question provided the following testimony about [the victim's] behavior upon entering Mother's bedroom:
>
>> He was crying. He was hysterical. He was stuttering. He couldn't talk. He was shaking. He told me what had happened, and then when I'm in the middle of waking up, I hear [Guyer] saying[,] ["]I

- 4 -

can't believe this after all the stuff I've done for you guys and I'm accused of this.["]

Trial Court Opinion, 5/24/23, at 7-8 (footnotes, record citations, and unnecessary capitalization omitted).  The trial court also explained the victim's stepbrother corroborated the victim's testimony that Guyer was in his bed, and Guyer and the victim were lying face to face.  *See id*. at 8.  Stepbrother testified the victim told him Guyer had touched him.  *See id*.

The trial court rejected Guyer's sufficiency claim, stating:

> [Guyer], applying the language of the [Superior] Court in ***Commonwealth vs. Lopez***, [57 A.3d 74, 79 (Pa. Super. 2012)],claims that the Commonwealth's evidence was: "so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." [***Id***.]  We disagree.  [The victim] provided clear testimony that [Guyer] was at his mother's house . . . entered his room, lay down with him, touched his penis over his clothes, and then under his clothes until he achieved an erection and then performed oral sex on him until he had an orgasm, all without his consent.  Although unnecessary, [mother and stepbrother] provided evidence that supported [the victim's] claims.  [T]he jury considered, weighed, and reasonably believed the testimonies provided by [them], and [] the jury reasonably drew its inferences of fact from these testimonies.
>
> We also disagree with [Guyer's] application of the decision in the case of ***Commonwealth vs. Karkaria***[, 625 A.2d 1167, 1170 (Pa. 1993),] to the instant case.  [Guyer] relies on language from the ***Karkaria*** opinion which states: "[evidence is not sufficient when] the testimony is so inherently unreliable that a verdict based upon it could amount to no more than surmise or conjecture." [***Id***.]  The jury in the instant case heard and considered the testimonies which were presented to it at trial; the jury judged that the testimony provided by [the victim, stepbrother, and mother] was both reliable and true.  The jury relied upon clear and credible evidence provided by these three witnesses.

- 5 -

Trial Court Opinion, 5/24/23, at 8-9 (footnotes and record citations omitted, citation format altered).

We affirm based on the trial court's reasoning. The jury, sitting as the factfinder, credited the victim's testimony, and it is well-settled "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." ***Commonwealth v. Castelhun***, 889 A.2d 1228, 1232 (Pa. Super. 2005) (citations and quotation marks omitted). Further, the victim's testimony Guyer touched his penis both above and below his clothing and performed oral sex on him until the victim ejaculated sufficiently proved Guyer intentionally touched the victim for the purpose of arousing sexual desire in Guyer or the victim, constituting indecent assault. ***See Commonwealth v. Martin***, 297 A.3d 424, 434-35 (Pa. Super. 2023) (reversing trial court's vacating of jury verdict and holding victim's testimony the defendant forced her to perform oral sex on him sufficient to sustain a conviction for indecent assault). Guyer's first claim does not merit relief.

In his second issue, Guyer challenges the weight of the evidence. ***See*** Guyer's Brief at 30-33.

Our standard of review for a weight of the evidence claim is well-settled.

The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.

* * *

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

* * *

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Mucci*, 143 A.3d 399, 410-11 (Pa. Super. 2016) (quotation marks and citations omitted). To prevail on a weight of the evidence challenge, the evidence must be so tenuous, vague, and uncertain that the verdict shocks the conscience of the trial court. *See Commonwealth v. Mbewe*, 203 A.3d 983, 988 (Pa. Super. 2019); *Commonwealth v. Sullivan*, 820 A.2d 795, 806 (Pa. Super. 2003). *See also Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009) (weight claim premised on credibility challenge is not cognizable unless it alleges that the evidence is so unreliable as to make any verdict based thereon "pure conjecture").

Guyer claims the verdict shocks the conscience because there was no physical evidence, and the only direct evidence was the victim's testimony, which Guyer claims "simply was not believable." *See* Guyer's Brief at 31.

The trial court considered Guyer's weight claim and determined it lacked merit because the jury performed its duty and determined the credibility of the witnesses. *See* Trial Court Opinion, 5/24/23, at 10-12.

We discern no abuse of discretion by the trial court in reaching its determination the verdict did not shock its conscience. The Commonwealth presented direct and circumstantial evidence Guyer indecently assaulted the victim. That the jury, siting as finder of fact, chose to believe the victim's testimony was entirely within its province. Guyer essentially requests we re-weigh the evidence and assess the credibility of the witnesses presented at trial. This we cannot do, as it is a task that is beyond our scope of review. The jury, as finder of fact, had the duty to determine the credibility of the witnesses and evidence presented at trial. *See Commonwealth v. Collins*, 70 A.3d 1245, 1251 (Pa. Super. 2013) (stating "[a]n appellate court cannot substitute its judgment for that of the finder of fact" in assessing a weight claim). Accordingly, we decline to disturb the trial court's rejection of Guyer's challenge to the weight of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 04/15/2024