J-S45019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: K.A.S., A MINOR | : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | | No. 880 MDA 2024 |

Appeal from the Dispositional Order Entered May 23, 2024
In the Court of Common Pleas of Lancaster County Juvenile Division at
No(s):  CP-36-JV-0000911-2023

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: DECEMBER 20, 2024**

Appellant, K.A.S., appeals from the May 23, 2024 Dispositional Order that committed then-15-year-old Appellant to placement at Adelphoi Village-Williams House after the court adjudicated him delinquent for Rape-Threat of Forcible Compulsion[1] against I.J. ("Victim"), who was 14 years old at the time. Appellant challenges the sufficiency of the evidence.  Upon careful review, we affirm.

We glean the relevant factual and procedural history from the juvenile court opinion.  On the evening of November 13, 2023, Victim stayed home alone while her mother ("Mother") attended a weekly church meeting. Although Victim was supposed to be doing chores, she invited Appellant,

---

[1] 18 Pa.C.S. § 3121(a)(2).

whom she had been dating for approximately one month, to her house to play video games. While Appellant and Victim were alone at Victim's house,

> [Appellant] tried to initiate sex and began touching [Victim] sexually. [Victim] resisted and told [Appellant] no multiple times. [Appellant] persisted, beginning with oral sex. [Victim] continued to say no, but [Appellant] did not stop. [Appellant] held [Victim's] head down onto the pillow, gripping her hair and back. [Appellant] inserted his penis into her vagina and had intercourse with her. During the assault, [Victim] was crying and asking him to stop.

Trial Ct. Op., 8/6/24, at 1-2 (record citations omitted).

While at her church meeting, Victim's mother could see that Victim was not doing her chores via a camera in the living room. Mother also received several text messages from Victim asking when she would be home, which was odd because Victim knew that Mother's meeting ended at the same time each week.

Victim did not attend school the next day, but the following day, November 15, 2023, Victim told a friend about the assault before reporting it to her school resource officer, Eric Fisher. Officer Fisher notified Mother and Detective Brandon VanAusdal of the East Cocalico Police Department about the assault. Detective VanAusdal then interviewed Victim on November 30, 2023. During the interview, Victim told him that Appellant had sex with her without her consent, and that Appellant had previously choked and bitten her, including on the night of the assault, despite Victim telling him to stop.

The Commonwealth then charged Appellant with one count of Rape-Threat of Forcible Compulsion. Prior to trial, the Commonwealth filed a Tender

Years motion. On May 2, 2024, the court conducted a hearing on the Tender Years motion and then incorporated all testimony into the trial. Victim, Mother, Officer Fisher, and Detective VanAusdal testified in accordance with the above facts.

Relevantly, Victim also testified that, while she was texting Mother on the evening of the assault, Appellant was telling her what to say and was looking over her shoulder while she responded. She also explained that she had reported the assault because she heard that Appellant had assaulted another girl, but when the Assistant District Attorney asked if she knew at the time that Appellant had assaulted another girl, Victim said "no." N.T., 5/2/24, at 156.

The court found that the victim, Mother, and Detective VanAusdal all testified credibly. Trial Ct. Op. at 3. Accordingly, it adjudicated Appellant delinquent and, following an evaluation, committed him to placement at Adelphoi Village-Williams House.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises one issue for our review:

> Was the evidence presented by the Commonwealth insufficient to prove beyond a reasonable doubt that [Appellant] was guilty of [Rape-Threat of Forcible Compulsion] pursuant to 18 Pa.C.S.[] § 3121(a)(2) where the evidence was insufficient to prove that [Appellant] employed any threat to force [Victim] to engage in sexual intercourse with him?

Appellant's Br. at 5.

Appellant challenges the sufficiency of the evidence supporting his conviction. "A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citation omitted). "[T]he trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence" and may rely entirely on circumstantial evidence. *Id.* A reviewing court "may not weigh the evidence and substitute its judgment for the fact-finder." *Id.*

Section 3121(a)(2) of the Crimes Code defines Rape-Threat of Forcible Compulsion as follows:

> Offense defined.—A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant . . . [b]y threat of forcible compulsion that would prevent resistance by a person of reasonable resolution.

18 Pa.C.S. § 3121(a)(2). Our Crimes Code further defines "forcible compulsion" in relevant part as "[c]ompulsion by use of physical, intellectual, moral, emotional[,] or psychological force, either express or implied." 18 Pa.C.S. § 3101. In addition, forcible compulsion is distinguishable from a lack of consent by a victim: "[w]hile effective consent to sexual intercourse will

negate a finding of forcible compulsion, forcible compulsion is something more than mere lack of consent." ***Commonwealth v. Banniger***, 303 A.3d 1085, 1093 (Pa. Super. 2023) (citations, quotation marks, and brackets omitted).

The determination of whether there is sufficient evidence to demonstrate beyond a reasonable doubt that a defendant committed Rape-Threat of Forcible Compulsion is

> made in each case based upon the totality of the circumstances that have been presented to the fact finder. Significant factors to be weighed in that determination would include the respective ages of the victim and the accused, the respective mental and physical conditions of the victim and the accused, the atmosphere and physical setting in which the incident was alleged to have taken place, the extent to which the accused may have been in a position of authority, domination or custodial control over the victim, and whether the victim was under duress. This list of possible factors is by no means exclusive.

***Commonwealth v. Rhodes***, 510 A.2d 1217, 1226 (Pa. 1986). Furthermore, the "reasonable person" language in the statute indicates an objective standard. ***Id.***

Finally, "[t]he uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." ***Commonwealth v. Castelhun***, 889 A.2d 1228, 1232 (Pa. Super. 2005) (citations omitted).

Appellant challenges the sufficiency of the Commonwealth's evidence regarding the "threat of forcible compulsion" element. Appellant's Br. at 13. He argues that "[w]hat the victim described multiple times in her own words was simply engaging in sexual intercourse with her boyfriend that evening,

- 5 -

but not really wanting to[,]" and that, even if there was no consent, he did not threaten any force. *Id.* at 13, 16.

In support, he cites Victim's testimony that (1) their relationship was "good" and they had had prior sexual encounters; (2) "she told [Appellant] no, but she did not believe that [he] heard her[;]" (3) she had told Mother that she "froze up" during the incident; (4) that, despite the choking and biting, Victim continued to invite Appellant to her home while she was home alone; and (5) "[f]ollowing the incident, [they] continued to touch each other sexually, and [Victim] allowed [Appellant] to remain in her home with her for an additional hour." *Id.* at 14-16. He also notes that Victim did not claim that the initial oral sex was without consent, and that she "offered completely contradictory testimony on her reason for reporting this incident." *Id.* at 17.

After careful review of the record, we conclude that the evidence, when viewed in the light most favorable to the Commonwealth as verdict-winner, supports Appellant's conviction. As noted above, the uncorroborated testimony of the victim, if believed, is sufficient to sustain a conviction. *Castelhun*, 889 A.2d at 1232. The court credited Victim's testimony that she told Appellant "no" multiple times, but Appellant nevertheless held Victim's head down onto the pillow and held onto her hair and back, then had intercourse with her. Furthermore, she testified that she was home alone with Appellant, that he was watching her as she texted Mother and told her what to say, and that he had a history of being aggressive towards Victim, including on the night of the assault. The court, as factfinder, could reasonably infer

that Appellant's physically restraining Victim while they were home alone, and ensuring that Mother would not return during the assault, taken together with his history of aggression, conveyed a threat of forcible compulsion that would prevent resistance by a person of reasonable resolution.

Appellant's argument asks this Court to consider the facts in the light most favorable to him in order to conclude that, although there was a lack of consent, there was no threat of forcible compulsion. This we cannot do. Accordingly, Appellant's sufficiency challenge merits no relief. We, thus, affirm the dispositional order.

Dispositional order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/20/2024