J-S21022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :         PENNSYLVANIA
                                       :
             v.                         :
                                       :
CESAR A. VILLEDA MEJIA         :
                                       :
           Appellant           :    No. 2171 EDA 2024

Appeal from the Judgment of Sentence Entered July 18, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000125-2023

BEFORE: KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KING, J.:                 **FILED AUGUST 21, 2025**

Appellant, Cesar A. Villeda Mejia, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his jury trial convictions for rape, criminal trespass, sexual assault, simple assault, and indecent assault.[1] We affirm.

The relevant facts and procedural history of this appeal are as follows. Appellant and the victim, M.H., began dating in 2019. Thereafter, Appellant physically and sexually abused M.H. The abuse culminated during the early morning hours of September 26, 2022. While M.H. was asleep, Appellant broke into her apartment and entered M.H.'s bed. Appellant proceeded to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3503(a)(1)(ii), 3124.1, 2701(a)(1), and 3126(a)(1), respectively.

rape M.H. Initially, M.H. attempted to fight back by pushing Appellant away. Despite M.H.'s efforts, Appellant continued the assault and used his penis to penetrate M.H.'s vagina and anus. Appellant also punched M.H. in the face and made insulting comments. At that point, M.H. decided to stop fighting back. As the assault continued, Appellant asked M.H. to record the encounter with her cell phone. M.H. complied, and the assault continued until Appellant fell asleep. M.H. then took photographs and videos to document her injuries. M.H. did not report the crimes to police until November 8, 2022.

On February 15, 2023, the Commonwealth filed a criminal information charging Appellant with rape and related offenses. Prior to trial, the Commonwealth filed a motion to admit evidence of prior bad acts, pursuant to Pa.R.E. 404(b). Specifically, the Commonwealth sought to present evidence of another incident where Appellant physically assaulted M.H. in July 2022. The Commonwealth also noted that M.H. informed police "that there was a history of abuse with [Appellant] from November 2021 to October of 2022." (Rule 404(b) Motion, filed 1/3/24, at 3). The Commonwealth argued that the prior abuse demonstrated "the pattern of behavior and the cycle of abuse that occurred in the relationship between [Appellant] and M.H." (*Id.* at 5-6). Following a hearing, the court granted the Commonwealth's motion on February 6, 2024.

At trial, M.H. provided detailed testimony regarding the September 2022 rape at her apartment. M.H. also testified about the July 2022 incident. In

that incident, Appellant punched M.H. and slammed her head into a steering wheel while she was driving her car. Witnesses saw the abuse and notified police. An ambulance also responded to the scene and transported M.H. to the hospital for her injuries. At the hospital, M.H. informed the staff that Appellant had raped her the night before. Hospital staff offered to prepare a rape kit, but M.H. "was too afraid," and she left the hospital "against medical advice." (N.T. Trial, 3/13/24, at 19). In addition to this testimony, the Commonwealth presented various text messages between Appellant and M.H. from the fall of 2022 that referenced Appellant's abusive behavior. (*See* Commonwealth's Exhibit C-8).[2]

Following trial, a jury convicted Appellant of rape by forcible compulsion, criminal trespass, sexual assault, simple assault, and indecent assault. On July 18, 2024, the court sentenced Appellant to an aggregate term of forty-eight (48) to ninety-six (96) months' imprisonment, followed by three (3) years of probation. Appellant did not file post-sentence motions. Appellant timely filed a notice of appeal on August 16, 2024. On August 19, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on September 9, 2024.

---

[2] At trial, the parties stipulated "that the original text messages were in Spanish, and we did have them translated by an interpreter." (N.T. Trial, 3/13/24, at 19).

Appellant now raises three issues for this Court's review:

> Was the trial court in error when it granted the Commonwealth's motion for admission of other acts pursuant to Pennsylvania Rule of Evidence 404(b)?
>
> Was there insufficient evidence presented at the time of trial as to a finding of guilt by the jury as to the criminal information charging [Appellant] with rape?
>
> Was trial counsel ineffective for advising [Appellant] and not calling him as a witness during the course of trial?

(Appellant's Brief at 4).

In his first issue, Appellant asserts that the court should not have permitted M.H. to testify about any prior instances of abuse. First, Appellant complains that the July 2022 assault did not result in the filing of criminal charges or the completion of a rape kit. Appellant also emphasizes that M.H. did not seek an order under the Protection From Abuse Act,[3] despite M.H.'s claim that the abuse began in November 2021. Appellant argues that "[i]t does not appear that there are any eyewitnesses who can substantiate this history of abuse[.]" (*Id.* at 13). Under these circumstances, Appellant avers that "we are simply left with the unsubstantiated allegations to medical personnel by [M.H.] as the only evidence of the other acts the Commonwealth move[d] to have admitted at trial." (*Id.*). Appellant concludes that the court erred by granting the Commonwealth's Rule 404(b) motion. We disagree.

This Court's standard of review for issues regarding the admissibility of

_____

[3] 23 Pa.C.S.A. §§ 6101-6122.

evidence is well settled:

> Questions concerning the admissibility of evidence are within the sound discretion of the trial court and we will not reverse a trial court's decision concerning admissibility of evidence absent an abuse of the trial court's discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. If in reaching a conclusion the trial court overrides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

*Commonwealth v. LeClair*, 236 A.3d 71, 78 (Pa.Super. 2020), *appeal denied*, 664 Pa. 546, 244 A.3d 1222 (2021) (quoting *Commonwealth v. Belknap*, 105 A.3d 7, 9-10 (Pa.Super. 2014)).

"Relevance is the threshold for admissibility of evidence." *Commonwealth v. Tyson*, 119 A.3d 353, 358 (Pa.Super. 2015) (*en banc*), *appeal denied*, 633 Pa. 787, 128 A.3d 220 (2015).

> Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or tends to support a reasonable inference or proposition regarding a material fact. Relevant evidence may nevertheless be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Because all relevant Commonwealth evidence is meant to prejudice a defendant, exclusion is limited to evidence so prejudicial that it would
>
> > inflame the jury to make a decision based upon something other than the legal propositions relevant to the case. As this Court has noted, a trial court is not required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts form part of the history and natural

> development of the events and offenses with which a defendant is charged.

*Commonwealth v. Danzey*, 210 A.3d 333, 342 (Pa.Super. 2019), *appeal denied*, 656 Pa. 9, 219 A.3d 597 (2019) (internal citation and quotation marks omitted).

"Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1). However, evidence of another crime, wrong, or act "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2). "In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice." *Id.* "However, bad act evidence is only admissible … '1) if a logical connection exists between the bad act(s) and the crime charged, linking them for a purpose the defendant intended to accomplish, or 2) if the bad acts manifest a signature crime.'" *Commonwealth v. Herring*, 271 A.3d 911, 919 (Pa.Super. 2022), *appeal denied*, ___ Pa. ___, 288 A.3d 865 (2022) (quoting *Commonwealth v. Yale*, 665 Pa. 635, 659, 249 A.3d 1001, 1015 (2021)).

Instantly, the trial court determined that the probative value of the evidence concerning prior instances of abuse outweighed any unfair prejudice:

> The court granted the [Rule 404(b)] motion because [Appellant] exhibited a scheme to assault, control, and intimidate the victim. The evidence was relevant, recent,

- 6 -

reliable, and probative of guilt. Moreover, the prior bad act became necessary for the Commonwealth to prove motive, intent, identity, and absence of mistake or accident.

(Trial Court Opinion, filed 10/2/24, at 5). Our review of the record confirms the court's analysis.

We emphasize that there was a logical connection between the prior abuse and the instant offenses. *See Herring, supra*. The parties' text messages served as connective tissue linking the instances of abuse. For example, M.H. sent a message to Appellant on September 17, 2022, which stated: "[Y]ou think you were going to hit me like you used to before? No dude, the last time you ever laid hands on me was July 23rd, try it again [and] you will see how well it goes for real[.]" (N.T. Trial, 3/13/24, at 22). Thus, the record supports the court's conclusion that Appellant was acting on a plan to control the victim through violent behavior. On this record, we cannot say that the court abused its discretion by admitting the prior bad acts evidence, and Appellant is not entitled to relief on his first issue. *See LeClair, supra*.

In his second issue, Appellant argues that the Commonwealth failed to prove each element of rape beyond a reasonable doubt. Appellant emphasizes that the lead investigator, Millbourne Borough Police Lieutenant Steve Killian, did not meet with M.H. until seven (7) weeks after the assault. Appellant complains that Lieutenant Killian did not take photographs of the crime scene, including the door that Appellant damaged to access M.H.'s apartment. Appellant further complains that the police did not interview M.H.'s landlord,

and "[n]o one attempted to question or canvass the neighborhood for witnesses." (Appellant's Brief at 16). Absent more, Appellant concludes that the Commonwealth presented insufficient evidence to support the rape conviction. We disagree.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-37 (Pa.Super. 2019) (quoting *Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa.Super. 2013)).

The Crimes Code defines rape as follows:

**§ 3121.  Rape**

**(a)  Offense defined.—**A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant:

(1)  By forcible compulsion.

18 Pa.C.S.A. § 3121(a)(1).  Further, "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." ***Commonwealth v. Castelhun***, 889 A.2d 1228, 1232 (Pa.Super. 2005) (quoting ***Commonwealth v. Bishop***, 742 A.2d 178, 189 (Pa.Super. 1999)).

Instantly, M.H. testified about the events that occurred on September 26, 2022.  M.H. unambiguously stated that Appellant "broke into my apartment and went into my bedroom.  He raped me multiple times."  (N.T. Trial, 3/13/24, at 6).  More specifically, M.H. described how Appellant "was in my bed.  He was touching my intimate parts[.]"  (***Id.*** at 8).  Although M.H. attempted to fight off Appellant, "[h]e just continued" with the assault.  (***Id.*** at 9).  M.H. reiterated that Appellant placed "his penis in my vagina and in my backside."  (***Id.***)  While reviewing the photographs of her injuries, M.H. explained that the assault left her battered: "I was bleeding.  It is not normal to bleed.  It hurt a lot.  When he was doing [it], I told him to stop and he did not care."  (***Id.*** at 12).  M.H. also confirmed that she did not consent to having vaginal or anal intercourse with Appellant on the night in question.  (***See id.***)

Viewing this evidence in the light most favorable to the Commonwealth

as verdict winner, the record supports Appellant's rape conviction. *See Sebolka, supra*. M.H.'s testimony established that Appellant engaged in sexual intercourse with M.H. by forcible compulsion. *See* 18 Pa.C.S.A. § 3121(a)(1). M.H.'s uncorroborated testimony alone provided adequate support for Appellant's conviction. *See Castelhun, supra*. To the extent Appellant complains about the lack of physical evidence presented, it fell within the province of the jury to determine the weight placed upon the testimony that was presented. *See Commonwealth v. Williamson*, 330 A.3d 407, 417 (Pa.Super. 2025) (reiterating that for challenges to sufficiency of evidence, it is within province of factfinder to determine weight to be accorded to witness's testimony; factfinder may believe all, part, or none of evidence presented; appellate court may not re-weigh evidence and substitute our judgment for that of factfinder). The jury found M.H. credible, and we will not substitute our judgment for that of the factfinder. Thus, Appellant is not entitled to relief on his second issue.

In his third issue, Appellant claims that trial counsel was ineffective for advising Appellant not to testify. As a general rule, however, a defendant must wait to raise claims of ineffective assistance of trial counsel until collateral review. *See Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002). Further, Appellant's case does not qualify for any of the exceptions to the general rule. *See Commonwealth v. Delgros*, 646 Pa. 27, 183 A.3d 352 (2018) (explaining that courts may immediately consider ineffectiveness

claims where: 1) claim is apparent from record and meritorious to extent that immediate consideration best serves interests of justice; 2) there is good cause shown, and defendant waives entitlement to seek subsequent collateral review; or 3) defendant is statutorily precluded from obtaining collateral review). Thus, we do not address Appellant's ineffectiveness challenge, which Appellant may raise in a petition for collateral review. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/21/2025