J-S46039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
 : PENNSYLVANIA
 :
 :
v. :
 :
 :
 :
GARY LEE BLACK :
 :
Appellant : No. 1007 WDA 2024

Appeal from the Judgment of Sentence Entered July 10, 2024
In the Court of Common Pleas of Greene County Criminal Division at
No(s): CP-30-CR-0000239-2023

BEFORE: BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: February 18, 2026**

Appellant, Gary Lee Black, appeals from the judgment of sentence entered in the Greene County Court of Common Pleas, following his jury trial convictions for aggravated indecent assault without consent, indecent assault without consent, sexual assault, and incest.[1] We affirm.

The relevant facts and procedural history of this case are as follows. The Commonwealth charged Appellant with the aforementioned offenses in connection with the sexual assault of Appellant's adult niece ("Victim"). A jury trial commenced on March 26, 2024. Victim testified that Appellant is the brother of her biological father. Victim stated that she generally had a good relationship with Appellant and had lived in Appellant's basement for a period of time. In March of 2023, Victim lived with her aunt and her aunt's stepson,

_____

[1] 18 Pa.C.S.A. §§ 3125(a)(1), 3126(a)(1), 3124.1, and 4302(a), respectively.

Randy Ball.

On March 15, 2023, Appellant picked up Victim at her residence. After stopping by Appellant's son's house, Appellant purchased some food and beer and took Victim to his house. They ate, drank beer, and watched television in the living room for some time. Victim stated that she had consumed approximately seven beers during this time. While they were in the living room, Appellant asked Victim if she would be wiling to do anything sexual with him. Victim told him no, but Appellant begged and pushed her to initiate sexual activity, and he attempted to pull her pants off. Victim repeatedly said no and pushed Appellant off her. Thereafter, Victim got up and went to the bathroom.

When Victim came out of the bathroom, Appellant grabbed her by the arm, pulled her into the bedroom, and pushed her onto the bed. Victim continued to say no and tried to push Appellant off of her. Appellant attempted to take Victim's shirt off and touch her breasts and Victim continued to try to push him away from her. Appellant succeeded in pulling Victim's pants and underwear off. Appellant attempted to perform oral sex on Victim, but Victim pushed Appellant away. Appellant pulled his pants off, forcefully pushed Victim's legs apart and initiated sexual intercourse, penetrating her vagina. Victim made loud noises of pain throughout the encounter. Victim estimated that the encounter lasted for 30 to 40 minutes but she was unsure because she lost consciousness. Victim was also unsure if Appellant ejaculated. When Appellant stopped, he started crying. Victim begged

Appellant to let her go home and promised him that she would not tell anyone. After approximately an hour, Appellant drove Victim back to her residence.

When Victim arrived at her home, she texted Appellant stating, "When I said stop and no why did you continue to force?! Why did you do that????" (N.T. Trial, 3/26/24, at 29). Appellant responded, "I'm sorry thought it was over I'm sorry." (*Id.*) Victim texted back, " Noooo I said no uncle Gary. It's not going to be over." (*Id.*) The Commonwealth presented a screenshot of this text exchange as Commonwealth's Exhibit 1.

Victim then went to the local hospital in Waynesburg, Pennsylvania and informed hospital staff that she was sexually assaulted. The hospital staff told Victim that they did not have staff available who were qualified to perform a sexual assault examination and told her to go the hospital in Washington, Pennsylvania. Victim did not go to the hospital in Washington that night because she needed her aunt to drive her there and her aunt did not drive at night. Victim went to the hospital in Washington the next morning. While she was waiting to be examined, Victim started having an anxiety attack and left the hospital before undergoing the exam. The Waynesburg hospital reported the incident to the police. When an officer contacted Victim to follow up, Victim reported the details of the assault to the police. She further provided the underwear that she was wearing the day of the assault to the police, but the police did not conduct any testing on the underwear.

Appellant testified in his own defense and confirmed that Victim was at his residence on March 15, 2023. After they ate and drank beer, Victim went

to the bathroom. When she came out of the bathroom, Appellant said that Victim had her pants unfastened and pulled down to her knees. Appellant and Victim went to the bedroom. At this point, Victim told Appellant no and stated that they had to stop. Appellant immediately went back out to the living room. Appellant sat in the living room for approximately an hour until he sobered up and then drove Victim home. Appellant acknowledged the text exchange with Victim, stating:

> She sent me a text message and she said —I'm trying to think what she texted it, I believe something like no, Gary, it's not over, or something, and I said what are you talking about? And she texted back again and I said, I'm sorry, I thought it was over.

(*See id.* at 44-45).

Randy Ball testified that he lives in the same residence as Victim and has known her for a couple of years. Victim told him that the incident between Appellant and Victim did not occur like everybody says it did. He asked her for more details, but she did not respond. Mr. Ball reported that this conversation occurred a couple of weeks before trial.

The jury convicted Appellant of aggravated indecent assault, sexual assault, incest and indecent assault. On July 10, 2024, the court sentenced Appellant to an aggregate term of 25 to 50 years' incarceration.[2] Appellant did not file a post-sentence motion. On August 9, 2024, Appellant filed a

---

[2] Appellant had prior convictions for sexual assault offenses. As such, Appellant was subject to a mandatory minimum sentence of 25 years' incarceration pursuant to 42 Pa.C.S.A. § 9718.2(a).

timely notice of appeal. On August 13, 2024, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on September 16, 2024. On February 25, 2025, this Court granted Appellant's counsel's petition to withdraw and remanded this matter to the trial court to appoint new counsel. The trial court appointed new counsel on March 17, 2025.

Appellant raises the following issues for our review:

> I. Was the verdict, as it pertains to the conviction of aggravated indecent assault without consent, sexual assault, incest, and indecent assault without consent, against the weight of the evidence?
>
> II. Was the verdict, as it pertains to the conviction of aggravated indecent assault without consent, sexual assault, incest, and indecent assault without consent, against the sufficiency of the evidence?

(Appellant's Brief at 3).

Preliminarily, a challenge to the weight of the evidence must be preserved by a motion for a new trial. Pennsylvania Rule of Criminal Procedure 607 provides:

> **Rule 607. Challenges to the Weight of the Evidence**
>
> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> > (1) orally, on the record, at any time before sentencing;
> >
> > (2) by written motion at any time before sentencing; or

(3) in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3). "An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim." **Commonwealth v. Weir**, 201 A.3d 163, 167 (Pa.Super. 2018), *aff'd*, 662 Pa. 402, 239 A.3d 25 (2020). **See also** Pa.R.Crim.P. 607, *Comment* (stating: "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived").

Here, Appellant did not preserve his challenge to the weight of the evidence orally or in writing before sentencing, or in a post-sentence motion. **See** Pa.R.Crim.P. 607(A)(1)-(3). Therefore, this issue is waived. **See Weir, supra**.

In his second issue, Appellant claims that the only evidence that the Commonwealth presented to establish that Appellant engaged in penetration, sexual contact or indecent contact with Victim was Victim's testimony. Appellant asserts that the Commonwealth failed to present any physical evidence to support Victim's testimony. Specifically, Appellant argues that there was no evidence presented of a physical examination of Victim or DNA testing of Victim's underwear. Appellant highlights that the police had the opportunity to conduct such testing but failed to do so. Appellant concludes that the Commonwealth's failure to present corroborating evidence to support Victim's testimony resulted in insufficient evidence to sustain Appellant's

convictions, and this Court should vacate his judgment of sentence. We disagree.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-37 (Pa.Super. 2019) (quoting *Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa.Super. 2013)).

The Crimes Code defines incest, sexual assault, aggravated indecent assault, and indecent assault, in pertinent part, as follows:

**§ 4302. Incest**

**(a) General rule.**—Except as provided under subsection (b), a person is guilty of incest, a felony of the second degree, if that person knowingly marries or cohabits or has sexual intercourse with an ancestor or descendant, a brother or sister of the whole or half blood or an uncle, aunt, nephew or niece of the whole blood.

18 Pa.C.S.A. §4302(a).

**§ 3124.1. Sexual assault**

Except as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent.

18 Pa.C.S.A. § 3124.1.

**§ 3125. Aggravated indecent assault**

**(a) Offenses defined.**—Except as provided in sections 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:

(1) the person does so without the complainant's consent[.]

18 Pa.C.S.A. § 3125(a)(1).

**§ 3126. Indecent assault**

**(a) Offense defined.**—A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent

contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

(1) the person does so without the complainant's consent[.]

18 Pa.C.S.A. § 3126(a)(1).

"In addition to its ordinary meaning, [sexual intercourse] includes intercourse per os or per anus, with some penetration however slight; emission is not required." 18 Pa.C.S.A. § 3101. "Indecent contact" is "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." *Id.* Further, "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." *Commonwealth v. Castelhun*, 889 A.2d 1228, 1232 (Pa.Super. 2005) (quoting *Commonwealth v. Bishop*, 742 A.2d 178, 189 (Pa.Super. 1999)).

Instantly, to the extent Appellant is challenging Victim's credibility, such claim is more akin to a challenge to the weight of the evidence, which he has waived. *See Commonwealth v. Wilson*, 825 A.2d 710 (Pa.Super. 2003) (explaining sufficiency of evidence review does not include assessment of credibility, which is more properly characterized as challenge to weight of evidence). Further, contrary to Appellant's assertion, Victim's uncorroborated testimony alone is sufficient to sustain all of his convictions. *See Castelhun, supra*.

Here, Victim testified that Appellant forcibly pushed her on a bed, removed her pants and underwear, used his hands and mouth on her body, and engaged in sexual intercourse with her. Victim testified that she did not consent to the sexual activity and repeatedly told Appellant "no" throughout the encounter. The Commonwealth further presented evidence of a text conversation between Victim and Appellant on the same day, in which Victim asked Appellant why he did not stop when she told him no, and Appellant apologized. Additionally, it was undisputed that Appellant is Victim's biological uncle. Viewed in the light most favorable to the Commonwealth as the verdict-winner, the Commonwealth presented sufficient evidence to sustain Appellant's convictions for incest, sexual assault, aggravated indecent assault and indecent assault. **See Sebolka, supra**. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 2/18/2026

- 10 -